WIRT ADAMS, STATE REVENUE AGENT, USE YAZOO-MISSISSIPPI
DELTA LEVEE DISTRICT v. ILLINOIS CENTRAL RAILROAD CO.

1.  LIMITATION OF ACTIONS.   *Subdivision of state.*   *Constitution* 1890, § 104.

   The Yazoo-Mississippi Delta Levee District, created by statute and recog-
   nized by article 11, constitution 1890, is a subdivision of the state within
   the meaning of § 104, which declares that statutes of limitation in civil
   causes shall not run against the state or any subdivision thereof.

2.  CONSTITUTION 1890, § 104.   *Went into immediate effect.*

   Said § 104 went into effect on the adoption of the constitution, and was not
   suspended by § 274, there being no statute repugnant to its provisions.

3.  LIMITATION OF ACTIONS.   *Suit for privilege taxes.*

   In a suit for privilege taxes due the Yazoo-Mississippi Delta Levee Dis-
   trict prior to the constitution of 1890, the six-years' statute of limitation
   was applicable.   The three-years' statute, § 2670, code 1880, relates only
   to actions founded on contract, express or implied.

FROM the circuit court of the first district of Hinds county.
HON. J. B. CHRISMAN, Judge.
Suit brought January 1, 1894, by appellant, for use of

Yazoo-Mississippi Delta Levee District, against appellee for privilege tax imposed by the act of 1886 (Laws, p. 100) on the business of operating a telegraph line for the years 1886, 1887 and 1888. Defendant pleaded the statutes of limitation of three and six years. A demurrer to each of these pleas being overruled, plaintiff declined to plead further, and, from a judgment dismissing the case, prosecuted this appeal. For the act creating the levee district, see Laws 1884, p. 140.

*Calhoon & Green*, for appellant.

1. The Yazoo-Mississippi Delta Levee District is a subdivision of the state under § 104, constitution 1890, and the statute of limitations does not run against it. In *Clement* v. *Anderson*, 46 Miss., 581, it was held that the state only was exempt from the operation of statutes of limitations. The purpose of § 104 of the constitution was to extend this privilege to counties, municipal corporations and other subdivisions. The levee district had been created and is expressly recognized by the constitution. See § 228 *et seq.* ·

2. Section 104 of the constitution, of its own force, repealed all statutes of limitations in cases of this kind. It went into immediate effect, and was not suspended by the provisions of § 274, because no legislation was required to put it in force. See *Warren County* v. *Stone*, 69 Miss., 375.

*Mayes & Harris*, for appellee.

1. The statute of limitations runs against the levee district, though it be considered a territorial municipal corporation. Wood on Lim., § 53.

The running of the statute was not arrested by § 104, constitution 1890, because the levee district is neither a subdivision of the state nor a municipal corporation. The statute expressly declares that it is a private corporation. Laws 1890, ch. 65.

But, supposing it to be true that statutes of limitation do not run against the levee district, even the constitution could

not divest a defense existing when the constitution became operative. Wood on Lim., p. 26, n. 4.

Section 104 of the constitution did not become operative until April 2, 1892. The statute of limitations was repugnant to it, and its provisions were suspended by § 274.

It is immaterial that the statute did not contain any express provision that it should run against the levee district. There was no *exception* in its favor. Section 274 of the constitution will not be so strictly construed as to confine its operation to the expressed declaration of statutes. But the declaration of the statute of limitations is that " *all* actions shall be brought within," etc. This necessarily includes suits brought by the levee district, and it was clearly repugnant to § 104 of the constitution, if it be held to include a levee district.

The settled construction of a statute is, in effect, a part of it. Sedgwick's Stat. Con., 365, 366; 5 Peters, 264; *Swift* v. *Tyson,* 16 *Ib.*, 1; *McDonald* v. *Hovey,* 110 U. S., 619.

If, then, § 104 did not become operative until April 2, 1892, the right to demand the taxes for 1886, 1887, 1888 and 1889 was barred before suit.

2. The three-years' statute applies, not the six. Code 1880, § 2670.

CAMPBELL, C. J., delivered the opinion of the court.

The Yazoo-Mississippi Delta Levee District, created by statute and recognized by article 11 of the state constitution as a division of the state, is a *subdivision* thereof within the terms of § 104 of the constitution of 1890, which declares, " statutes of limitation in civil causes shall not run against the state or any subdivision or municipal corporation thereof," and said section became operative immediately, by its own force, on the adoption of the constitution, not being suspended in its operation by § 274 of that instrument, because not embraced, there being no statute law of this state repugnant to this provision of the constitution.

The statute of limitations applicable to such a demand as that here sued for is the six-years' statute. The three-years' statute, § 2670, code 1880, relates to actions founded on contract, express or implied. In saying that the six-years' statute is applicable to the demand sued for, we mean that it applies to the taxes due, as imposed by the law, and not to the penalty of double the sum for default as to payment, which may be governed by § 2672, code 1880, to which we refer in order to exclude the conclusion that it is decided now.

The demurrer to the pleas should have been sustained; and the judgment is reversed, the demurrer sustained and leave given to the defendant to answer over.

*Reversed and remanded.*