WAYNE COUNTY *v.* WILLIAM HELTON ET AL.

CONSTITUTIONAL LAW. *Statute of limitations. Constitution* 1890, *sec.* 104.

Constitution of 1890, sec. 104, providing that "statutes of limitation in civil causes shall not run against the state or any subdivision or municipal corporation thereof," suspended the running of such statutes against counties on causes of action existing at the time the section became operative.

FROM the circuit court of Wayne county.

HON. THADDEUS A. WOOD, Judge.

*D. M. Taylor*, for appellant.

The statute of limitations lacked five years of being complete on the 1st day of November, 1890, when the present constitution of the State of Mississippi was adopted in which sec. 104 provides that statutes of limitations in civil causes

shall not run against the state, or any subdivision or municipal corporation thereof. From the day of the adoption of the constitution until the 6th day of August, 1894, no one will deny the right of the board of supervisors to sue as under the old law the statute of limitations would not have been complete until then.

The legislature in adopting § 2736 of the annotated code settled the question by the positive language there used. It provides "statutes of limitation in civil cases shall not run against the state or any subdivision or municipal corporation thereof, but all such statutes shall run in favor of the state, the counties and municipal corporations therein."

*D. W. Heidleberg*, for appellees.

Prior to the adoption of the constitution of 1890, the statute of limitations ran against a county as well as against an individual. *Money* v. *Miller*, 13 Smed. & M., 531; *Brown* v. *Supervisors*, 54 Miss., 230; *Chamberlain* v. *Lawrence County*, 71 Miss., 949.

At the time of the adoption of the constitution of 1890, the statute of limitations had begun to run in favor of the defendants. Was it entirely and forever suspended by the section of the constitution, sec. 104, and of the code of 1892, § 2736?

The question here involved, however, is not whether the legislature can charge the period of limitations and make it apply to past transactions; but it is whether it can entirely and forever suspend the statute which has already begun to run in favor of defendants under a prior law, and if so did it intend to do so in this instance?

Without attempting to answer the first part of the question we insist that the adoption of sec. 104 of the constitution and of § 2736 of the code of 1892 were not intended to affect contracts made prior to their enactment. Under the rule of construction laid down in numerous decisions a statute should never be construed to have a retrospective operation unless the

contrary clearly appears. Nothing in the section of the constitution or of the code indicates whether they were intended to affect past contracts or not.

In *Holyoke* v. *Haskins*, 16 Am. Dec., 372, it was held that a statute limiting the time within which to recover real estate sold by an administrator to five years affected only future sales and had no retroactive operation.

13 Am. & Eng. Enc. of Law, 691, states that ''the presumption is that a statute of limitations is not retroactive.'' In a note at the bottom of the same page the following language is used: ''Statutes of limitations, affecting only the remedy, constitute no exception to the general rule that laws operate on matters which arise after their passage, unless they otherwise expressly declare.''

The case of *U. S.* v. *Heath*, 3 Cranch., (U. S.) 399, at page 413, the supreme court of the United States employs the following language: ''Words in a statute ought not to have a retroactive operation, unless they are so strong, clear and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot otherwise be satisfied.''

In his valuable work on the constitutional limitations, on page 455, discussing retroactive laws, Judge Cooley says: ''It is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively.''

See also the case of *Bramlett* v. *Wetlin*, 71 Miss., 902, where it is held that § 2461, code of 1892, did not affect past transactions, and the case of *Drane* v. *Newsom*, 73 Miss., 422, where it is decided that § 2462, code of 1892, has only a prospective operation.

The same rule which applies in the construction of statutes also applies in the construction of constitutions. George's Mississippi Digest, 127, note 1.

CALHOON, J., delivered the opinion of the court.

The constitution of 1890 went into operation on November 1 of that year. Sec. 104 of that instrument is: "Statutes of limitations in civil causes shall not run against the state or any subdivision or municipal corporation thereof." Its effect was to immediately stop the running of the statute against counties on pending contracts, where the bar was not complete, as well as on future contracts. *Adams* v. *Illinois, etc., R. R. Co.,* 71 Miss., 752; 15 So., 640.

*Reversed and remanded.*