KING *et al. v.* CARAWAY *et al.*

Division B. July 2, 1923. Suggestion of Error Overruled Sept. 17, 1923.
[97 South., 422, No. 23383.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Separate school districts on which no bonded indebtedness exists may be discontinued or abolished.*
   Chapter 244 of the Laws of 1918 is not amended, repealed, or superseded by chapter 174 of the Laws of 1920, and any separate school district, on which no bonded indebtedness exists, may be discontinued or abolished under the provision of the said chapter 244 of the Laws of 1918.

2. EVIDENCE. *Schools and school districts. Courts take judicial notice of local subdivisions of state; order of county board abolishing rural separate school district not void because failing to recite that district is rural and not municipal.*
   The courts take judicial notice of the local subdivisions of the state, such as counties and incorporated municipalities, and an order of a county school board abolishing a rural separate school district is not void because it fails to recite that the district is a rural district, or that it is not a municipal district.

APPEAL from chancery court of Jefferson Davis county. HON. BEE KING, Chancellor.

Suit by John R. King and others against R. A. Caraway and others. From a decree for defendants, complainants appeal. Affirmed.

*Mounger, Ford & Mounger* and *H. C. Stringer* for appellants.

If the district was not legally abolished all subsequent orders made by the school board, which affected the territory embraced in the Santee separate school district were void. The question to be determined as a basis for solution of this controversy is whether the order attempting to discontinue and abolish the Santee separate school district be void. We contend that such order is void, be-

cause as made, it was not authorized by any law and because the procedure was not in accordance with the law under which separate school districts can be abolished. In support of this proposition we cite the following cases: *Evans* v. *Wright,* 89 So. 226; *Adams* v. *Bank of Greenwood,* 60 So. 770; *Boutwell* v. *Board of Supervisors, etc.,* 128 Miss. 342-337; *Wallace* v. *Tucker,* 104 Miss. 83; *Hinton* v. *Perry County,* 84 Miss. 536; *Craft* v. *DeSoto County,* 79 Miss. 618; *Bolivar County* v. *Coleman,* 71 Miss. 832; *White* v. *Railroad Company,* 64 Miss. 566; *Levy Commissioners* v. *Allen,* 60 Miss. 93. We submit that chapter 244 of the Laws of 1920, and that the Laws of 1918 had been superseded by this amendment. Section 61 of the Constitution of the state of Mississippi of 1890 provides as follows: "No law shall be revised or amended by reference to its title only, but the section or sections as amended or revised shall be inserted at length." We find that this section of the Constitution has been interpreted and referred to in the following cases, to-wit: *Nations* v. *Lovejoy,* 80 Miss. 401; *Mayor* v. *The State,* 102 Miss. 663; *Magee* v. *Lincoln County,* 109 Miss. 181; *Seay* v. *Laurel P. & Mfg. Co.,* 110 Miss. 834; *Bryan* v. *City of Greenwood,* 112 Miss. 719; *Bell* v. *State,* 79 So. 85; *Heidelberg* v. *Batson,* 81 So. 225; Sutherland on Statutory Construction, sections 31, 32, and 33.

We therefore submit that chapter 244 of the Laws of 1918 was amended and superseded by chapter 174 of the Laws of 1920, and the latter contains the law on the subject of the abolition or discontinuance of separate school districts, governing this case.

A school which is not a rural separate school district, cannot be abolished by the county school board. This petition did not set out that the Santee separate school district was a rural separate school district. This petition did not seek to have the school abolished for the purpose of consolidation, nor did it seek to have it abolished in accordance with chapter 174 of the Laws of 1920,

but the petition referred specifically to "chapter 244 of the Laws of 1918." We insist therefore that this petition was insufficient and did not seek the action of the board in accordance with any existing law. The law which it referred to had been superseded. The jurisdiction had to be exercised in the particular manner prescribed by the statute and the requisite jurisdictional facts to show a lawful exercise of the power do not' appear on the face of the record. *Evans* v. *Wright,* 89 So. 226; *Bolivar County* v. *Coleman,* 71 Miss. 832; *Wallace* v. *Tucker,* 104 Miss. 83.

All the authorities cited agree in holding that all facts necessary to confer jurisdiction must affirmatively appear from the ordinance. In the case last above cited the court holds the fact of the filing of the petition is one of the necessary facts to be shown by the ordinance.

*E. L. Dent* and *Livingston & Milloy,* for appellees.

The first point argued by appellants is that the order of the school board is void because it does not show the proper jurisdictional facts. In this we think they are in error. This order shows affirmatively that the school board did have jurisdiction of the matter of the dissolution or abolishment of the school district. *Evans* v. *Wright,* 126 Miss. 703, 89 So. —, distinguished.

The next point argued by counsel for appellants is as to whether chapter 174 of the Laws of 1920, repealed and suspended chapter 244 of the Laws of 1918. Indeed this point is admitted to be controlling of the cause. We contend that there is no inconsistency and no repugnancy in chapter 211, Laws of 1918, and chapter 174, Laws of 1920. That the Laws of 1918 provide for the discontinuance or abolition of a separate school district, provided there exists no bonded indebtedness thereon; whereas, the amendatory act provides that even though there be a bonded indebtedness on such separate district, such dis-

trict may be discontinued or abolished by the county school board for the purpose of consolidation. There is no law or principle of law better settled in Mississippi than that the repeal of a statute by implication is not favored. The rule is that when a repeal of a statute by implication is allowed, the extent of the repeal is only to the extent that there is a plain and manifest inconsistency or repugnancy between the two statutes. *White* v. *Johnson,* 23 Miss. 68; *Pons* v. *State,* 49 Miss. 1; *Swann* v. *Buck,* 40 Miss. 268; *Campbell* v. *New Orleans Nat. Bank,* 74 Miss. 526; 21 So. 400; *Pattison* v. *Clingham,* 93 Miss. 310, 47 So. 503; *Smith* v. *Vicksburg,* 54 Miss. 615; *Owens* v. *Yazoo, etc., R. R. Company,* 74 Miss. 821, 21 So. 244; *Richards* v. *Patterson,* 30 Miss. 583; *McAfee* v. *Southern R. Co.,* 36 Miss. 669; *Southern R. Co.* v. *Jackson,* 38 Miss. 334. There is no repugnancy whatever in chapter 244, Laws of 1918, and chapter 174, Laws of 1920, and we are of the opinion that both statutes may stand without violence to either. *Planters' Bank* v. *State,* 6 S. & M. 628; *Commercial Bank* v. *Chambers,* 8 S. & M. 9; *Peyton* v. *Cabaniss,* 44 Miss. 808. See *Madison County* v. *James L. Stewart,* 74 Miss. 160.

That repeals by implication are not favored by our courts, we cite the following further authorities on the subject. *State* v. *Jackson,* 119 Miss. 727; 81 So. 1; *Archer* v. *Moyse,* 101 Miss. 36, 57 So. 299; *Gilmore Puckett Gro. Co.* v. *J. L. Wells,* 103 Miss. 468, 60 So. 580; *Holly Springs* v. *Marshall County,* 104 Miss. 752, 61 So. 703; *Darnell* v. *Johnston,* 109 Miss. 570, 68 So. 780.

There is not the slightest mention of the act of chapter 244 of the Laws of 1918 in the enacting part of the statute and this is clearly violative of section 61 of the Constitution of Mississippi. It is sought to amend this chapter solely by the title contrary to section 61 of the Constitution. *Seay* v. *Plumbing & Metal Co.,* 110 Miss. 835, 71 So. 9; *Booze* v. *Cresswell,* 117 Miss. 795, 78 So. 770.

Counsel for appellants undertake to argue at some length

in their brief that since the ordinance of the school board did not set out that the district in question was a rural separate school district and that such facts do not appear of record the judgment is rendered void. The courts take judicial notice of municipal school districts and the court will take judicial notice of the fact that there is no such municipal district in Jefferson Davis county as Santee separate municipal school district; that there is no village, town or city by the name of Santee in the county. It was held in *Martin* v. *Miller,* 103 Miss. 754, 60 So. 772, that all presumptions of law are in favor of the correctness of judgments. And it was held in *DeSoto County* v. *Jones,* 103 Miss. 602, 60 So. 655, that the courts must assume that the action of a county board of supervisors in working specific roads by special contract was within its powers, in the absence of clear proof to the contrary.

Argued orally by *Henry Mounger* and *H. C. Stringer* for appellants and *E. L. Dent* and *W. H. Livingston* for appellees.

Cook, J., delivered the opinion of the court.

The appellants, complainants in the court below, filed their bill in the chancery court of Jefferson Davis county against the trustees and the principal in charge of the school being conducted at Santee in said county, and against G. L. Martin, county superintendent of education, seeking to have the court decree that a certain order by which the school board of Jefferson Davis county attempted to discontinue and abolish the "Santee separate school district" was void, and sought to have the court adjudge that the minor petitioners named in the bill had the right, as pupils, to attend the school being conducted at the schoolhouse at Santee, and seeking to require the said trustees and teacher, and the said county superintendent, who were in charge and control of said school, to receive the petitioners in said school, to be taught and

treated the same as if their right to attend the school was fully recognized. The bill further prayed that the trustees of the original Santee separate school district should be recognized as then having the right to have charge and control of said school, and that damages be awarded to the complainants because they had been deprived of their rights to attend said school. Upon the bill the chancellor granted a temporary injunction in accordance with the prayer, commanding that the minor petitioners be immediately received and installed as pupils in the school, and that the respondents should continue to receive and teach them until the further order of the court.

In accordance with this order, the minor petitioners were received as pupils in the school, and thereupon a demurrer to the bill of complaint and a motion to dissolve the injunction were filed. This motion was heard by the chancellor in vacation and a decree was entered sustaining the demurrer, awarding attorney's fees to the respondents, and dismissing the bill. This decree of the chancellor specifically found that chapter 174 of the Laws of 1920 did not supersede or repeal chapter 244 of the Laws of 1918; that chapter 244 of the Laws of 1918 was still in force and effect; that the Santee separate school district had been dissolved and discontinued in accordance with the provisions of chapter 244 of the Laws of 1918; and that the district was therefore legally abolished. An appeal was granted from this decree to settle the principles of the cause. The bill avers, and the demurrer admits, that the Santee separate school district was one which had been duly organized and had existed for a long time prior to the 18th day of July, 1922; that on the 17th day of July, 1922, there was filed with the school board of Jefferson Davis county a petition by which certain persons, designating themselves as patrons of the Santee separate school district, petitioned that the board would abolish and annul the said Santee separate school district as provided by chapter 244 of the Laws of 1918; that

this petition was in fact one which had been signed by about seven white persons, patrons of the white school, and about thirty negroes. This petition is made an exhibit to the bill, and, omitting the signatures, reads as follows:

"To the Honorable School Board of Jefferson Davis County, Mississippi:

"We, the undersigned, constituting two-thirds majority of the school patrons of the Santee separate school district of said county and state, hereby petition your honorable body to abolish and annul the said Santee separate school district as provided by chapter 244 of the Laws of 1918, and as in duty bound your petitioners will ever pray. Respectfully submitted this July 17, 1922."

On the 18th day of July, 1922, the school board made an order by which it undertook to abolish the said Santee separate school district, and a copy of this order is filed as an exhibit to the bill of complaint, and reads as follows:

"Order passed by the school board of Jefferson Davis county, July 18, 1922, abolishing Santee separate school district.

"The matter of abolishing Santee separate school district coming on to be heard on petition on file with this board, and the board having heard the petition read and having duly considered the same, after inquiring into all the facts relative thereto, and being satisfied that said petition is duly signed by more than two-thirds of the patrons of said school, and that there is no bonded indebtedness against the same, it was on motion, duly seconded, unanimously voted that said district be abolished. It is therefore ordered that Santee separate school district as heretofore constituted be and the same is hereby abolished."

The bill further avers that, after making the order abolishing this school district, the school board consolidated certain schools, created other districts, and made other orders, all of which are set forth at great length in the bill, but it will not be necessary for the purposes

of this decision to set forth the other averments of the lengthy bill of complaint.

The first contention of the appellants is that chapter 244 of the Laws of 1918 was amended and superseded by chapter 174 of the Laws of 1920, and, since the order attempting to abolish this school district was made in accordance with the provisions of the said chapter 244 of the Laws of 1918, it is therefore void.

Chapter 244 of the Laws of 1918 is as follows:

"Section 1. Be it enacted by the legislature of the state of Mississippi, that any separate school district, on which no bonded indebtedness exists, may be discontinued or abolished by the county school board if the school be a rural separate school district, or by the mayor and board of aldermen, if the school be a municipal separate school district, upon presentation of a petition seeking such action, signed by a two-thirds majority of the patrons of said separate school district.

"Sec. 2. That this act take effect and be in force from and after its passage."

Chapter 174 of the Laws of 1920 reads as follows:

"An act to amend chapter 244 of the Laws of 1918 providing for the discontinuance or abolition of a separate school district for purpose of consolidation and to provide that the discontinuance or abolition of such district shall not impair outstanding obligations.

"Separate school district—abolition of—liability for debts —Laws 1918 amended.

"Section 1. Be it enacted by the legislature of the state of Mississippi, that any separate school district may be discontinued or abolished for the purpose of consolidation by the county school board if the school be a rural separate school district, or by the mayor and board of aldermen, if the school be a municipal separate school district, upon presentation of a petition seeking such action, signed by a two-thirds majority of the patrons of said separate school district, provided however that when such district is

discontinued or abolished it shall not impair or in any wise release the property of persons in such discontinued or abolished district from assessment and liability for the payment of the debts and obligations of such districts.

"Sec. 2. That this act take effect and be in force from and after its passage."

Chapter 244 of the Laws of 1918 provides for the abolition of any separate school district on which no bonded indebtedness exists, without consolidating with any other school or schools, and there can be no good reason why a separate school district, which has contracted no indebtedness, should not be so dissolved at the will of the required majority of the patrons of such school district. Prior to the enactment of chapter 174 of the Laws of 1920, no provision has been made for the abolition of any district which had incumbered its property with a bonded indebtedness, but this act of 1920 provides that any separate school district, either one indebted or one which owes no debts, may be abolished, provided the purpose is for consolidation with other schools, and further provides that the act of discontinuing or abolishing such district shall not impair or in any wise release the property of persons in such district from assessment and liability for the payment of the debts and obligations of the district. The act provides a complete scheme for the abolition of any separate school district for the purpose of consolidation with other districts, and it deals only with that subject. If this act amends and supersedes the act of 1918, then no method remains whereby any district may be abolished except for the purpose of consolidation. The act of 1918 is not referred to in the enacting clause of the act of 1920, and, while the title of this act recites that it is "An act to amend chapter 244 of the Laws of 1918," the act cannot be amended solely by its title, and we cannot look to the title to aid or change the enacting clause of the act. There is no inconsistency or repugnancy between these two statutes. They deal with different conditions,

and each one provides a complete scheme for the accomplishment of a particular purpose, and, in enacting chapter 174 of the Laws of 1920, we do not think it was the purpose of the legislature to destroy the only method by which a separate school district, which has contracted no indebtedness, may be discontinued or abolished, where consolidation is not desired.

The appellants next contend that, since the county school board was exercising only a limited and special jurisdiction in passing the order abolishing the district, the order is void, for the reason that it does not recite all the necessary jurisdictional facts. The first criticism of this order is directed at the fact that it fails to affirmatively show that the Santee separate school district was a rural school district. We do not think there is any merit in this criticism. This court takes judicial notice of the local subdivisions of the state, such as counties and incorporated municipalities, and consequently that there is no incorporated municipality in the county of Jefferson Davis known as Santee, and we do not think it was necessary to recite in the order that the Santee separate school district was not a municipal district, or that it was a rural district.

The next contention of the appellants is that the order is fatally defective on account of the omission of the word "district" after the word "school" in the sentence reciting that "said petition is duly signed by more than two-thirds majority of the patrons of said school." We think this criticism is entirely too technical. The preamble to this order, among other things, recites that:

"The matter of abolishing Santee separate school district coming on to be heard on petition on file with this board, and the board having heard the petition read and having duly considered the same, after inquiring into all the facts relative thereto, and being satisfied that said petition is duly signed by more than two-thirds majority of the patrons of said school."

When this entire sentence is read, its meaning is clear, and we think it is a sufficient averment that the petition on file was signed by the requisite majority of the patrons of the Santee separate school district.

It may be, as charged on the bill of complaint, that the minority patrons of the old school district have been seriously inconvenienced and have suffered damages on account of the action of the school board in abolishing this district, but we are of the opinion that in so doing it has complied with the law, and consequently the decree of the court below must be affirmed.

*Affirmed.*