HESTER *et al. v.* BOARD OF SUP'RS. OF SMITH COUNTY.

[98 So. 529.  No. 23792.]

(Division B. Jan. 14, 1924.)

1. SCHOOLS AND SCHOOL DISTRICTS.  *Separate school district on which no bonded indebtedness exists may be discontinued or abolished.*
   A municipal separate school district, on which no bonded indebtedness exists, may be abolished by the mayor and board of aldermen by a proper ordinance, based upon a petition of a two-thirds majority of the patrons of the school district under chapter 244, Laws 1918.

2. SCHOOLS AND SCHOOL DISTRICTS.  *Separate school district having bonded indebtedness may be abolished on petition of two-thirds majority of patrons.*
   If the separate municipal school district has a bonded indebtedness, it may be abolished upon a like petition in accordance with chapter 174, Laws 1920.

3. SCHOOLS AND SCHOOL DISTRICTS. *Petition by two-thirds majority of patrons necessary to abolish separate school district.*

In order for the mayor and board of aldermen to obtain jurisdiction under either of these laws it is necessary that they be petitioned by a two-thirds majority of the patrons of the school.

4. SCHOOLS AND SCHOOL DISTRICTS. *Separate school district may not be abolished on petition signed by any number of qualified electors; "patron;" "elector."*

This municipal board has no jurisdiction to abolish a separate school district upon a petition signed by any number of qualified electors. A qualified "elector" may or may not be a "patron" of the school, and a patron of the school may or may not be a qualified elector. The terms are not synonymous.

APPEAL from chancery court of Smith county.

HON. T. P. DALE, Chancellor.

Proceedings between J. T. Hester and others and the board of supervisors of Smith county. From the decree rendered, the former appeal. Reversed, and decree rendered.

*W. U. Corley,* for appellants.

We call attention specially to the order passed by the board of aldermen, wherein it is ordered: "The mayor and board of aldermen of the town of Taylorsville met as per above call with all members present and upon petitions presented to the board showing two-thirds of the qualified electors of the Taylorsville separate school district, be it hereby ordered by the board that said separate school district is hereby abolished."

It will be noted that the order does not even show what the petition was for. It will also be noted from the call that the call was made for the purpose of considering the abolishing of a school district, and had no reference to any petition. Therefore, under section 1, chapter 174, Acts of 1920, it is required that a two-thirds majority of patrons of the school present a petition, and in the order they mention two-thirds majority

of the qualified electors, which is quite a different proposition from patrons and qualified electors. We submit, therefore, that this order is void. *Wallace* v. *State*, 104 Miss. 94

The "qualified electors" have petitioned, when the law requires a petition of a majority of the school patrons. It can be readily seen that it would be possible to have a majority of the qualified electors and not even one-tenth of the school patrons, therefore the order is void because it does not comply with sections 5934, 5935 and 5936 of Hemingway's Code, nor with the requirements of chapter 174 of the Acts of 1920, in that it does not set out the jurisdictional fact of dissolution for consolidation, and is based on electors and not patrons as required by the Act. *Sample* v. *Verona*, 94 Miss. 264.

*Hughes, Nobles & Lane,* for appellee.

It is urged that the abolition of the Taylorsville separate school district is void ·because the petition to the mayor and board of aldermen contains the recitation "qualified electors" instead of "patrons." This petition was canvassed by the mayor and board of aldermen by whom it was ascertained that not only did said petition contain the names of more than two-thirds of the patrons, but also more than two-thirds of the qualified electors. It is possible for a patron to be a qualified elector and *vice versa.* When it was determined by the mayor and board of aldermen, with the petition before them, that more than two-thirds of the patrons of the Taylorville separate school district had signed the petition praying for the abolition of said district, the board had a legal right, and it was its duty to grant the prayer of the petition. This it did by the order or resolution passed by it on April 7, 1923. It is elementary law that the official acts of constituted authorities are presumed to be correct, and it is incumbent upon those attacking

the validity of official acts to show their incorrectness and invalidity. Counsel urges that the order or resolution does not state the jurisdictional facts, both in the matter of the abolition of the Taylorsville separate school district, and in the creation of the Taylorsville consolidated school district. We contend that it is not necessary for these orders and resolutions to state these matters. It is necessary for the various boards acting in these proceedings to determine the jurisdictional facts and then they may draw their orders or resolutions to conform to their findings, without preamble or introduction. *King et al.* v. *Caraway et al.,* 97 So. 422

SYKES, P. J., delivered the opinion of the court.

This is a proceeding to validate a twenty-five thousand dollar bond issue of the Taylorsville consolidated school district. From a decree validating these bonds this appeal is here prosecuted.

Five separate school districts were attempted to be consolidated into the Taylorsville consolidated school district. Prior to this attempted consolidation the Taylorsville separate school district was a municipal school district, and consequently not within the jurisdiction of the county school board. There was an attempt prior to the attempted consolidation of these separate school districts to abolish this separate municipal school district.

The petition for this dissolution to the mayor and board of aldermen of the town of Taylorsville recites that the petitioners are qualified electors of the Taylorsville separate school district. The order of the municipal board recites that the petition presented to them contains the names of two-thirds of the qualified electors of this separate school district, and then attempts to abolish it.

A municipal separate school district on which no bonded indebtedness exists may be abolished by the mayor

and board of aldermen upon presentation of a petition seeking such action, signed by a two-thirds majority of the patrons of the school district, in accordance with chapter 244, Laws 1918. *King* v. *Caraway* (Miss.), 97 So. 422.

If the separate school district has a bonded indebtedness, it may be abolished in accordance with chapter 174, Laws 1920, upon a petition signed by a two-thirds majority of the patrons of the schools. *King* v. *Caraway, supra.*

Under both of these laws, before the mayor and board of aldermen may abolish a separate school district, it is necessary that they be petitioned to do so by a two-thirds majority of the patrons of the school. The board does not acquire jurisdiction of the subject-matter until there is filed with it a petition which in fact contains this two-thirds majority of the patrons of the school. It has no jurisdiction to act on a petition signed by any number of qualified electors. An elector may or may not be a patron of the school. Likewise a patron of the school may or may not be an elector. They are not necessarily one and the same. In this case neither the petition nor the order of the board shows that the petition was signed by the necessary two-thirds majority of the patrons of the school. For this reason the record here does not show that the municipal board acquired jurisdiction to abolish the separate municipal school district.

Since this district has never been legally abolished, then it could not be consolidated with other separate school districts. The order of consolidation is therefore void, and the proposed bond issue void.

*Reversed, and decree here.*