No. ----------

First Circuit Appeal.

H. W. JOHNS-MANVILLE CO. INC., v. EUNICE ELECTRIC THEATRE CO., LTD. INTERSTATE TRUST & BANKING CO., Third Opponent.

(December 30, 1924, Opinion and Decree.)
(March 3, 1925, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Laws—Par. 72; Mechanics Privilege—Par. 18, 23.**

Under the provisions of Act No. 229 of 1916, Section 2, the words "after acceptance of the work" mean "the acceptance of the labor, material, machinery, etc., of each individual claimant." Consequently, a lien filed more than 45 days after the acceptance of the material on the job is filed too late and ineffective.

(Gleissner vs. Hughes, 153 La. 133; 95 South. 529, directly in point.)

(For more recent legislation see Act No. 139 of 1922, page 299, as amended by Act. No. 230 of 1924, page 503. Editor's note.)

Appeal from the Parish of St. Landry, Hon. B. H. Pavy, Judge.

This is a suit to recover the cost of materials delivered and for recognition of a lien. The holder of the mortgage intervened.

There was judgment declaring the lien invalid. Plaintiff appealed.

Judgment affirmed.

Sandoz & Sandoz, of Opelousas, attorneys for plaintiff, appellant.

W. A. Robertson, of Opelousas, attorney for defendant, appellee.

MOUTON, J. The defendant company executed a mortgage in favor of the American Bank and Trust Company for $15,-000.00, and issued its promissory note to the bank for that amount. The Inter-

state Trust and Banking Company, third opponent in these proceedings, is the holder of this mortgage note.

Plaintiff, H. W. Johns-Manville Company, furnished roofing materials which were used in the construction of a building erected on the property upon which the defendant company had given a mortgage to the American Bank and Trust Company, as above stated. This mortgage was recorded October 23rd, 1920.

The account or statement for the roofing materials furnished defendant company was sworn to by plaintiff and filed in the recorder's office on the 1st of March, 1921. The lot of ground and the building erected thereon were sold, but the amount realized at the sale not being sufficient to pay all the creditors, plaintiff, as a furnisher of materials, and third opponent, by virtue of its mortgage note, are each claiming to be paid by preference or priority out of the proceeds of sale.

In the statement filed for record by plaintiff, the amount claimed, the names of the owner, contractor, claimant, with the description of the property, are given with sufficient particularity to meet the requirements of Sec. 2 of Act 299 of 1916, and is properly verified by affidavit. In this respect plaintiff has complied with that section of the Act in asserting its claim to a privilege.

The mortgage upon which the Interstate Trust and Banking Company, third opponent, bases its claim to a preference over the funds in contest, was recorded several months prior to March 21st, 1921, the date the statement of plaintiff company was recorded.

The vital question presented here is as to whether or not plaintiff company recorded its claim for a privilege within the time required under the provisions of Act 229 of 1916, so as to entitle it to a preference over the proceeds of sale as against the mortgage rights of the bank, third opponent.

In referring to the account which a person claiming a privilege must file, under the provisions of Act 229, 1916, section 2 of the Act, reads: "Such statement must be filed within forty-five (45) days after the acceptance of the work by the owner of the land on which work was done or his trustee or agent." It is upon a proper construction of this clause of the Act that this case turns.

Thurston McKinney, the evidence shows, was employed by the Eunice Theatre Company to superintend the erection of the building of the Eunice Theatre Company; also to buy the materials and to employ all labor for its construction. He was, therefore, the trustee or agent of the owner of the land. McKinney testifies that the building was never completed, and there is no proof to the contrary. Counsel for plaintiff company takes the position that until the work is completed, and accepted by the owner of the land, his trustee or agent, the forty-five days fixed in the statute within which persons "claiming a privilege" must file their claims, cannot begin to run. In support of this contention counsel refers us to the case of Rose vs. Eunice Electric Company, 154 La. 81, 97 South. 322. In passing on the question as to what time the delay for recordation began to run, the Court in the case cited by counsel referred to the clause of the Act hereinabove reproduced, but in connection therewith cites the case of Gleissmer vs. Hughes, 153 La. 133, 95 South. 529. In that case the very question submitted here was brought up for consideration. There the court held that liens in favor of furnishers of material and labor were superior

in rank to all other incumbrances on the property, whether arising prior or subsequent thereto, provided the, same were recorded within 45 days "after acceptance of the work", meaning in cases like the one now under consideration, the acceptance of the labor, material, machinery, etc., of each individual claimant, "as distinguished from the completed job." It is thus clearly stated that the "acceptance" mentioned in Act 229, 1916, means the "acceptance" of the material or labor of each "individual claimant" and to clear the signification of the word "acceptance" from all doubt tne court proceeds to say: "As distinguished from the completed job." The court in that case states over again the "acceptance" must date from the time the labor and materials are received and accepted upon the building. Finally, the court in referring to the 45 days' delay provided for in the act, says: It was therein made to run from the "acceptance by the owner of the work" in the sense above indicated. Obviously, from the time the materials were accepted from "each individual claimant, as distinguished from the completed job". The record shows that the materials furnished by plaintiff were accepted on the building by McKinney, the agent or trustee of the Eunice Theatre Company, about Jan. 1st, 1921, and that the roofing had been completed by the plaintiff company, which recorded its claim on March 1st, 1921, more than 45 days after the delivery and acceptance of the materials furnished the Eunice Electric Theatre Company. If there be any doubt on this question, it is certain that plaintiff company has failed to prove that it recorded its claim within forty-five days from the time its materials were accepted and used in roofing the building. Privileges are in derogation of common rights and those asserting them must make proof of all the statutory requirements granting the privilege claimed. Counsel for plaintiff company does not contend, if we understand his position correctly, that his claim for a privilege was recorded within 45 days from the time the materials furnished by his company were accepted and used in the building. His position is that the delay for recordation does not begin to run from that time, but only from the completion of the building, and if not completed, as was the case here, that the time limit of 45 days could not and did not begin to run at all under the terms of the statute.

We cannot accord to this proposition and must hold, as was held by the court in Gleissner vs. Hughes, 153 La. 133, 98 South. 529, that the delay begins to run from the acceptance of the materials on the building. As more than 45 days had run from that time before the claim of plaintiff company was recorded, it is not entitled to a privilege over the proceeds in preference to the third opponent, as was decreed below.

Affirmed.