Board of Trustees of Kingston Consolidated School District, et al. *v.* Forman, et al.

No. 40819 March 17, 1958 101 So. 2d 102

*Blass & Parsons,* Wiggins, for appellants.

44

*Graham H. Hicks, R. Brent Forman,* Natchez; *Jas. T. Kendall,* Jackson, for appellees.

Lee, J.

The background of this litigation is as follows: The County Board of Education of Adams County and the Board of Trustees of the Natchez Municipal Separate

School District, pursuant to the provisions of Sections 1 and 2, Chapter 12, Laws of 1953 Ex. Ses., caused a survey to be made for the purpose of reorganizing and reconstituting the schools of the county. The survey team recommended that the county should be constituted so as to provide two schools, one to include the territory embraced within the corporate limits of the City of Natchez, and the other to include all of the territory of the county outside of the City of Natchez. Both the county board of education and the trustees of the separate school district adopted their separate orders to carry out the two-unit plan, subject to approval by the state educational finance commission. The commission disapproved and disallowed both petitions for that purpose on the ground that one unit for the county would be more economical, would better equalize the facilities and opportunities, and would better promote the whole welfare of the children and the economic and social welfare of the various areas. It therefore returned the orders to the respective boards.

A restudy was then made. Subsequently the trustees of the separate school district advised the county board of education that they intended to abide by the decision of the commission, and requested the county board to join with them in a petition to include all of the territory of the county within the separate school district. This suggestion and request was rejected by the county board. Thereafter a public hearing was held by the commission, at the conclusion of which, it adopted an order reaffirming its disapproval of the order of the county board of education. The county board then brought an action in the chancery court of Adams County against the commission to compel approval. The relief prayed for was denied, and on appeal to this court, the decree was affirmed. Adams County v. State Educational Finance Commission, (Miss.) 91 So. 2d 524.

After the decision by the chancery court, but before the appeal was heard and disposed of by this Court,

the legislature enacted Chapter 267, Laws of 1956, approved April 6, 1956, and an election was held in the county on May 29, 1956, on the question of whether all the territory of the county, both within and without the corporate limits of the City of Natchez, should be included in one municipal separate school district. A majority of the qualified electors, voting in the election, who resided within the corporate limits of the city, voted in favor of the proposition, but a majority of those outside the city voted against the proposition. Of course that action, subsequent to the trial in the chancery court, could not and did not affect the decision of this court on that appeal.

In the concluding paragraph of the opinion, supra, attention was called to the fact that the power of the county board and the board of trustees of the separate district had not been exhausted; that their powers were clearly defined by statute; and that the state educational finance commission still had the power to consider, and approve or disapprove, subsequent plans, which might be submitted to it, for the reorganization of the school districts of the county.

No other plan was immediately submitted. Presumably the impasse and deadlock between the local boards and the commission continued until after an election when two new members of the county board of education were chosen.

Thereafter on February 18, 1957, the board of trustees of the Natchez Municipal Separate School District, reciting that its action was with the consent and approval of the board of education of Adams County, adopted an order and resolution whereby all of the territory of Adams County was consolidated and embraced within a school district to be known as the Natchez Special Municipal Separate School District. On the following day, a similar order and resolution was adopted by the county board of education, expressly giving its consent and ap-

proval to the inclusion of all the territory of Adams County within the said separate district. The board of trustees of the district then applied to the state educational finance commission for its approval; and, on April 6, 1957, the commission, by its formal order, approved and ratified the district as reorganized and reconstituted.

On April 4, 1957, L. E. Tyler, Jr., and others, trustees of Kingston Consolidated School District, R. L. Hensley and others, trustees of Washington Consolidated School District, and James Handjis and others, trustees of Pine Ridge Consolidated School District, in their official and individual capacities, and as citizens and taxpayers, for themselves and for the general public and all interested persons, who were especially invited to join in the litigation, filed their bill of complaint in the charceny court against R. Brent Forman and others, comprising the board of trustees of the Natchez Municipal Separate School District, and Glenn A. Stenson and others, constituting the board of education of Adams County. It was charged therein that neither the attorney general, nor the district attorney of the district, nor the board of supervisors of the county, although requested so to do, would co-operate in bringing the suit.

A brief history of the attempt at reorganization was set out, together with the original deadlock, the enactment of House Bill No. 120, Chapter 267, Laws of 1956, the result of the election held under said chapter, and the adoption of orders by the trustees of the separate district and by the county board for the formation of one district, embracing the entire territory of Adams County. It was charged that these orders were void on their face and in direct conflict with the provisions of Chapter 267, supra; that the defendants had ignored the will of. the people, as expressed in the election, and had refused to afford the people an opportunity again to pass upon the question; and that, unless the defendants were restrain-

ed and enjoined from proceeding further, the new district would be set up in violation of law, with disastrous consequences to the area and to the people thereof. Copies of the orders of the two boards, together with the application to the state educational finance commission, were made exhibits. The prayer of the bill was for a temporary injunction to prevent the defendants from putting into effect or treating as valid the orders in question; and that the plan be prevented from becoming effective unless or until an election should be held and carried in favor thereof.

On May 4, 1957, the complainants amended their bill to show that, since the filing of the original bill, the state educational finance commission, by its order of April 6, 1957, had approved the plan submitted by the trustees of the separate district with the agreement and consent of the county board of education. The prayer sought the extension of the relief prayed for in the original bill so that it might be made effective against the order of the commission.

After a special demurrer had been sustained, the state educational finance commission was made a party.

Answers were filed by all of the defendants.

The ultimate and controlling issue presented by the pleadings was whether or not the orders of the trustees of the separate district and the board of education of the county, of date of February 18 and 19, 1957, respectively, whereby they proposed one school district for the county, embracing all of the territory thereof, and the order of the commission, of date of April 6, 1957, whereby it approved the organization of such district, were invalid because no election for the approval thereof was held, under Chapter 267, supra, either before or after the adoption of said orders.

At the conclusion of the hearing, the court, holding that both the law and the facts favored the defendants,

dismissed both the original and amended bills with prejudice. From that decree, the complainants appealed.

Under Section 2, Chapter 12, Laws of 1953 Ex. Ses., an existing municipal separate school district, with the same or additional or less territory, with the approval of the state educational finance commission, may be reconstituted as such a district. However, if it is proposed that it include additional or less territory, the application must first be approved by the board of education of the affected county.

The same authority exists, under Section 4 thereof, to reconstitute the whole county into one district to embrace even the territory of a municipal separate school district therein and to be governed by the county board of education, if the board of trustees of the separate district and the state educational finance commission consent and agree thereto. This authority also extends to territory in two or more counties. Provision is likewise made for the addition of territory in like circumstances to a municipal separate school district, provided all of the governing boards agree and the commission approves.

In other words, in the reorganization and reconstitution of school districts, the governing boards, that is, the county board of education and the board of trustees of the separate district, determine the matter, subject to the approval of the commission. No provision was made for elections.

Unless prevented by Chapter 267, supra, clearly the board of trustees of the Natchez Municipal Separate School District and the county board of education had the authority and power, at the time of the adoption of their orders, to include all of the territory in Adams County in one district, and, when the commission approved such reconstitution, the new district was validly established.

The complainants introduced in evidence the committee substitute for House Bill 120, the title and section 1 thereof, as passed by the House of Representatives, being as follows:

"AN ACT TO PROVIDE THAT IF, IN THE CONSOLIDATION OR REORGANIZATION OF SCHOOL DISTRICTS UNDER CHAPTER 12, LAWS OF THE EXTRAORDINARY SESSION OF 1953, IT SHALL BE PROPOSED TO CREATE ONE OR MORE MUNICIPAL SEPARATE SCHOOL DISTRICTS EMBRACING ALL OF THE TERRITORY OF THE COUNTY, SUCH PROPOSAL SHALL NOT BE EFFECTIVE UNTIL APPROVED AT AN ELECTION CALLED FOR SUCH PURPOSE.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:

"SECTION 1. In no event shall the school districts of any county be organized under the provisions of chapter 12, extraordinary session of 1953, so as to include all of the territory of any county in one or more municipal separate school districts unless the question shall have first been approved by the majority of the qualified electors of the municipality or municipalities involved, and by a majority of the qualified electors of the county residing outside such municipality or municipalities, voting in an election to be called and held as hereinafter provided."

If Section 1, in that form, had been passed by the Senate and approved by the Governor, an election, in which the people approved, would have been necessary before the district could have been organized.

There was no change in the title, but Section 1, as amended in the Senate, and as finally passed and approved provides as follows:

*"In the absence of agreement or consent therefor by the county board of education and the trustees of the separate municipal school district or districts of a coun-*

*ty,* in no event shall the school districts of any county be reorganized under the provisions of Chapter 12, extraordinary session of 1953, so as to include all of the territory of any county in one or more municipal separate school districts unless the question shall have first been approved by the majority of the qualified electors of the municipality or municipalities involved, and by a majority of the qualified electors of the county residing outside such municipality or municipalities, voting in an election to be called and held as hereinafter provided." (Emphasis supplied)

Consequently only "In the absence of agreement or consent therefor by the county board of education and the trustees of the separate municipal school district or districts of a county", is an election authorized or required. Manifestly if there is agreement and consent both by the county board of education and the trustees of the separate municipal school district, no election is required or even authorized.

Where disagreement and nonconsent exist, Section 2 makes it the duty of the board of supervisors to call the election.

Sections 3 and 4 are concerned with the mechanics, the way and manner of the election.

Section 5 provides in part: "This act shall be fully applicable to all plans of reorganization or reconstitution under the provisions of chapter 12, laws of the extraordinary session of 1953, proposing or in which there shall be involved the question of whether or not all of the territory of the county shall be embraced in one or more municipal separate school districts. * * *." ■■■ The above provision should undoubtedly be construed so as to harmonize with the opening phrase of Section 1, namely, "in the absence of agreement or consent therefor by the county board of education and the trustees of the separate municipal school district or districts of a county."

 The title was doubtless found to be sufficient, but clearly it is not a correct index to what the bill provides, after the amendment and in the form in which it was passed and approved. Of course it is no part of the act, but it may aid in ascertaining legislative intent or relieving ambiguity in the body of the act. Lewis v. Simpson, 176 Miss. 123, 167 So. 780. But there is no ambiguity in the body of the act. And "where the body of a statute is free from ambiguity, the meaning expressed therein must be given effect, without resort to the title. The title cannot add to or extend the operation of the act. 82 C. J. S., Statutes, Section 350." Russell v. State, (Miss), 94 So. 2d 916.

Appellants complain here for the first time of certain alleged defects in the order of reconstitution, particularly the description of the district as "all of the territory lying and being in Adams County, Mississippi," and the delegation of authority to the state educational finance commission to say when the operation of the district should commence and when the trustees should be elected. A sufficient answer to this complaint is that the point was not raised in the trial court. However, by the very terms of Section 1, Chapter 12, supra, the description of the district may be given by section, township and range, or, if such description is not used, then by "other sufficient legal description thereof". The boundaries of counties are well established. This Court takes judicial notice of local subdivisions of the state, such as counties. King v. Caraway, 132 Miss. 679, 97 So. 422. Manifestly the description was sufficient.

The appellants have not pointed out any provision of Chapter 12, supra, which warrants the delegation of authority, complained about, to the state educational finance commission. Since there is no jurisdictional requirement to this effect, obviously that part of the order would not work an invalidation. Chapter 296, Laws of 1956, in fact provides definitely and expressly how trustees shall be elected.

██ Since both the trustees of the Natchez Municipal Separate School District and the county board of education of Adams County agreed and consented to the inclusion of all of the territory of the county within the one school district, and the state educational finance commission gave its approval thereto, no election was required or authorized under Chapter 267, supra. The orders were valid and manifestly the school district has been legally organized and established.

It follows therefore that the decree of the lower court must be, and is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Holmes, Arrington and Ethridge, JJ.,* concur.