THE FIRST NATIONAL BANK OF CANTON *v.*
THE CANTON EXCHANGE BANK

No. 42729          October 7, 1963          156 So. 2d 580

R. H. Powell, Jr., Canton; Wise, Smith & Carter, Jackson, for appellant.

*Nelson Cauthen, Goza & Case,* Canton; *J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellees.

LEE, P. J.

In its original bill of complaint, filed July 9, 1962, the First National Bank of Canton sought to enjoin the Canton Exchange Bank and Llewellyn Brown, State Comptroller, from the alleged unlawful operation of a branch office of Canton Exchange Bank in the Town of Ridgeland, Madison County, Mississippi.

The answer of Canton Exchange Bank, after denying the material allegations of the bill of complaint, alleged affirmatively that it had recently discovered that the location selected for its permanent location was actually outside the corporate limits of the Town of Ridgeland; that such location had been approved by the State Comptroller on August 13, 1962, by the Federal Deposit Insurance Corporation on August 16, 1962, and that it moved into its newly constructed building at such location on August 31, 1962. Hence it was pled that the allegations of the bill of complaint had become immaterial. The separate answer of the defendant Llewellyn Brown, Comptroller, in like manner denied the material allegations of the original and amended bills.

Thereupon, the First National Bank in its amended bill charged that the Canton Exchange Bank, at a time it knew that the First National was operating a branch bank within the corporate limits of the Town of Ridgeland, and less than two hundred yards from the com-

plainant's location, opened its branch office on June 23, 1962; and that although said bank, after the filing of this suit, moved its location a few feet outside of such corporate limits, as the same stood on December 5, 1961, the original and subsequent acts of the defendants were in violation of § 5228, Code of 1942, Rec.

The answer of the defendants to the amended bill likewise denied the allegations thereof, and asserted the right of Canton Exchange to operate and continue such operation of its branch office outside the corporate limits of the Town of Ridgeland.

At the close of complainant's evidence, the court, in a written opinion, sustained the motion of the defendant to dismiss on account of the insufficiency of the evidence. The decree was in accordance with the findings made by the court, and from that action, First National has appealed.

The position of the First National is that it had authority to operate a branch bank in the Town of Ridgeland; and that it established its branch on June 9, 1962, prior in time to the attempted location by Canton Exchange of its branch office in the Town of Ridgeland. Consequently it should prevail, as Canton Exchange, under the law, was without authority to operate in Ridgeland. But when the Canton Exchange, in its answer of September 10, 1962, made known to the court that it had established, outside the Town of Ridgeland, a branch office properly approved by both the State Comptroller and the Federal Deposit Insurance Corporation, First National replies that § 5228, Code of 1942, does not contemplate such a construction because this would lead to absurd results, and that a change by Canton Exchange of the location of its branch office outside the limits of Ridgeland was a maneuver to circumvent § 5228 of the Code. Consequently Canton Exchange was without authority to establish its branch office and the State

Comptroller abused his discretion in permitting the same to be done.

First National, as the name signifies, is a national bank, while Canton Exchange is a state bank. A national bank obtains its authority to establish a branch bank by the consent and approval of the Federal Comptroller of the Currency. Title 12, U. S. C. Anno., '§ 36 (e). By statute it is also given the same right and authority as a state bank. Section 5234, Miss. Code of 1942, Rec. A state bank gets its permission to establish branch offices from the State Comptroller. Section 5228, Code of 1942, Rec. Note some of the differences between branch offices and branch banks. Sections 5228, et seq. of the Code.

The record is clear that as early as 1957, Canton Exchange took steps to obtain permission for the location of a branch office in Ridgeland. The First National did not manifest interest in a branch bank at that place until the early part of 1962. Both parties became intensely interested in their separate projects during 1962, with the result that First National obtained its approval from the federal authorities about June 8, 1962, and thereupon, according to its evidence, opened a branch bank for business the next day. The Canton Exchange, although it had obtained oral permission and approval from the State Comptroller earlier, yet, due to delay in obtaining approval from the Federal Deposit Insurance Corporation for the insurance of its deposits, did not open its branch office in the Town of Ridgeland until June 23, 1962.

The record also showed that the State Comptroller granted permission to Canton Exchange to establish and operate a branch office outside the then corporate limits of the Town of Ridgeland on August 13, 1962; that the Federal Deposit Insurance Corporation consented to the establishment of such location on August 16, 1962; and

that this bank moved to its permanent location on August 31, 1962, and has been operating in that manner since.

Keeping in mind that the operation of Canton Exchange, as complained about, is simply a branch office, it is necessary to construe the effect of § 5228 of the Code, which is as follows:

"*The state comptroller may permit banks to establish branch offices* within the corporate limits of the city where the bank is domiciled when the population is not less an 10,000, and *within the limits of the county wherein such bank is domiciled,* and within the limits of any county adjacent to the county within which such bank is domiciled; *provided, no branch office shall be established in any town or city of less than* 3,500 *population where such town or city has one or more banks or branch banks in operation.* Such offices shall not be considered branch banks within the meaning of this act, and no additional capital shall be required therefor. Such branch offices shall not make loans but may take applications for same and transmit such applications to the parent bank. When such loans have been made by the parent bank pursuant to applications submitted by the branch office, the notes or other evidence therefor, together with all collateral thereto belonging, may be transmitted to and held by the branch office at which they were originated, and be held and carried there for the purpose of collection. Such branch offices may keep such books as may be necessary or proper in the conduct of its business." (Emphasis supplied.)

The domicile of Canton Exchange Bank is the City of Canton, Madison County, Mississippi. The Town of Ridgeland is also in Madison County, Mississippi. The First National obtained the necessary authority for the establishment of a branch bank in the Town of Ridgeland, and began to operate the same prior to the time when Canton Exchange actually acquired the requisite permit and authority for the operation therein of a

branch office with guaranteed deposits. Under those circumstances, Canton Exchange was not entitled, under the above statute, to establish a branch office in the town.

But the area, outside the corporate limits of the Town of Ridgeland, where the branch office was subsequently approved and established and has been so operated since August 31, 1962, was "within the limits of the county wherein such bank (Canton Exchange) is domiciled."

The appellant's contention that the statute does not give authority to establish a branch office in the county in which it is domiciled unless such branch office is established within a municipality reads into the statute a provision which is not therein. Such a provision could doubtless have been included by the Legislature, but it was not done. Besides, in order to arrive at such a construction, it would be necessary to delete certain words and engraft others. The difference between a branch office and a branch bank is reasonably clear. Likewise, the conditions precedent to their establishment and mode of operation are likewise different, as pointed out in the statutes hereinabove referred to.

Section 5228 is plain and unambiguous and obviously must be construed to mean what it says. Day v. Hart, 232 Miss. 516, 99 So. 2d 656; First National Bank of Memphis v. State Tax Commission, 210 Miss. 590, 49 So. 2d 410, and cases there cited. Cf. also Board of Trustees of Kingston School District v. Forman, 233 Miss. 42, 101 So. 2d 102, which also constitutes an admonition against the unconditional acceptance of the title as a correct index of the full purpose of the Legislature. This is mentioned because the appellant in the present case relies on the heavy type of the topic of '§ 5228, the Annotator's brief description of the subject matter therein contained, as excluding the location of a branch office in any area other than a municipality. The statute does not so provide.

■■ In view of the efforts of Canton Exchange, during the year 1962 and prior thereto, it can be seen that the State Comptroller, on the basis of all of its prior efforts, reasonably believed that, as an equitable proposition, the State Bank had presented a strong claim for its right to have a place of business in the area around the Town of Ridgeland. Besides, '§ 5228 of the Code contained no prohibition against what the Comptroller did. Actually, he mentioned that there are at least two other cases of similar import. Consequently, it appears that the appellant's contention that the State Comptroller abused his discretion in permitting this bank to open a branch office outside the Town of Ridgeland is not well-taken.

The trial court concluded that the oral and documentary evidence for appellant was insufficient to entitle it to the relief which it sought. The decree, being in accord with the views of this Court, is therefore affirmed.

Affirmed.

*McElroy, Rodgers, Jones and Brady, JJ.,* concur.