INZER, Justice:
This is an appeal by Coahoma Bank & Trust Company from a decree of the Chancery Court of the First Judicial District of Hinds County dismissing its bill of complaint against appellees, O. B. Bowen, Jr., state bank comptroller, and the Bank of Clarksdale. Appellant sought an injunction to restrain the comptroller from issuing to the Bank of Clarksdale a permit to operate branch offices in the towns of Lula and Jonestown and if such permits had been issued to restrain the Bank of Clarksdale from operating such branch offices. We affirm.
The pertinent facts leading up to this controversy are as follows: Appellant bank was incorporated in 1931 under the name of Coahoma County Bank & Trust Company and by its charter it was authorized to transact a commercial banking business, savings bank and trust company, in accordance with the laws of the state governing banks. The place where it was authorized to transact business was at Clarksdale, Coahoma County, Mississippi. Thereafter its charter was amended increasing its capital stock and changing its name to Coahoma Bank & Trust Company.
In 1961 appellant filed an application under the provisions of Section 5214, Mississippi Code 1942 Annotated (1956), with the *870 state banking department requesting authority to consolidate with Peoples Bank & Trust Company domiciled at Jonestown, Mississippi, at the same time appellant requested that the Federal Deposit Insurance Corporation approve the consolidation. The forms ^prescribed by Federal Deposit Insurance Corporation were utilized for both applications. Peoples Bank was granted a charter in 1912 to do a general banking business in the Town of Jones-town in accordance with the state banking law. The application for consolidation set up that an agreement had been reached for the purchase of all the stock in Peoples Bank by appellant for a price of $112,500. Appellant proposed to assume all the liabilities and acquire all the assets of Peoples Bank and after consolidation it would operate a branch office in Jonestown under the name of Coahoma Bank & Trust Company, Jonestown Office. Prior to filing this application appellant had entered into a duly authorized contract with Peoples Bank whereby the consolidation was agreed upon. In this contract as well as the resolution passed by the stockholders of both banks it was stipulated and agreed that subject to the approval of the state bank comptroller and the Federal Deposit Insurance Corporation that the consolidation or merger would be accomplished by appellant buying all the stock in Peoples Bank for the purchase price of $112,500. The contract among other provisions stated:
3. In the event all the foregoing conditions for consolidation, merger and establishment of a branch office have been made, then the Peoples Bank of Jones-town, Jonestown, Mississippi, and the Coahoma County Bank & Trust Company, Clarksdale, Mississippi, shall be consolidated and merged in accordance with Section 5214 of the 1942 Code of Mississippi, Recompiled, into one bank to operate under the charter of Coahoma County Bank & Trust Company with said Coahoma County Bank & Trust Company to operate a branch office of said merged and consolidated banks in the Town of Jonestown, Mississippi, under the name of “Coahoma County Bank & Trust Company, Jonestown Office.”
Upon compliance with all the conditions set forth in this contract, the consolidation and merger and establishment of a branch office as herein set forth shall be effective as of the close of business of each bank on the last day of the month of compliance with the last of said conditions, or as soon thereafter as is practicable, and Coahoma County Bank & Trust Company, Jonestown Office, shall begin business on the next banking day thereafter.
The application for consolidation was approved on July 15, 1961, by a certificate which is as follows:
I, Llewellyn Brown, State Comptroller, Department of Bank Supervision, State of Mississippi, do hereby approve the acquisition of all assets and liabilities of Peoples Bank of Jonestown, Jonestown, Mississippi, by Coahoma County Bank & Trust Company, Clarksdale, Mississippi, under the provisions of Section 5214, Mississippi Code of 1942.
The consolidation was then effected and since that date appellant has carried on a banking operation in Jonestown which the chancellor found to be a branch office.
In March, 1962 appellant filed an application with the state banking department and the Federal Deposit Insurance Corporation to consolidate with the Bank of Lula under the charter of appellant bank in accordance with the provisions of Section 5214.
The Bank of Lula was chartered in 1908 and was authorized to carry on a general banking business in the Town of Lula, Coahoma County, Mississippi. The application was approved by the state comptrol *871 ler on March 30, 1962. The certificate granted is similar to the one set out above and the format used in the consolidation is for all practical purposes the same as used in the Jonestown consolidation except as to the consideration paid for the stock. Since that date appellant has carried on a banking operation in Lula, the character of which the chancellor found to be a branch office.
On May S, 1966, appellee, Bank of Clarksdale, filed applications with the comptroller asking for permits to establish branch offices in accordance with the provisions of Section 5228, Mississippi Code 1942 Annotated (Supp.1966) in the towns of Lula and Jonestown. Appellant objected to the issuance of such permit and on January 9, 1967, filed its bill of complaint seeking the injunction, which was denied by the trial court.
The bill of complaint alleged that since the consolidation the appellant had continuously engaged in the general banking business in Jonestown and Lula and that it held and enjoyed the same rights of, property, franchises, and interests in the same manner and to the same extent as was held by the banks with which it had consolidated. It was also alleged that since Lula and Jonestown were towns with less than 3,500 population that by virtue of the provisions of Section 5228, supra, appellee, comptroller, was prohibited from issuing permit to the Bank of Clarksdale to operate branch offices at these towns and that the Bank of Clarksdale was prohibited from operating such offices.
In the alternative it was alleged that in the event the court found that comptroller had authority to issue such permits the issuance of such permits under the facts alleged in the bill of complaint would constitute an abuse of discretion.
The separate answers of the Comptroller and the Bank of Clarksdale denied that the bank was doing a general banking business in Lula or Jonestown or that it had the authority to do such business in these towns. It was alleged that appellant was authorized to operate only branch offices in these towns and that it was only operating such offices. It was further denied that the comptroller abused his authority in issuing permits to the Bank of Clarksdale to operate branch offices in the towns of Lula and Jonestown. After a lengthy hearing the chancellor rendered an opinion in which he found from the evidence in part as follows:
With the finding and conclusion that the Complainant, Coahoma Bank and Trust Company, is operating branch offices only in Lula and Jonestown, and not operating branch banks or unit banks, or doing a general banking business in the said towns, other issues raised by the pleadings and evidence need not be detailed or discussed in this opinion. The Bank of Clarksdale had the right to make application for permits to establish and operate branch offices in Lula and Jonestown. There was no abuse of discretion or violation of the duties of his office or of law on the part of O. B. Bowen, Jr., Comptroller of the Banks of the State Banking Department of Mississippi.
A decree was entered dismissing the bill of complaint and the cross bill which had been filed by the Comptroller in which he sought an injunction against appellant as cross defendant to prohibit it from operating a general banking business in the towns of Lula and Jonestown in violation of Section 5226, Mississippi Code 1942 Annotated (1956). No appeal was prosecuted from that part of the decree dismissing the cross bill.
The principal contention on this appeal is that the chancellor was in error in finding that appellant had the authority to operate only branch offices in Lula and Jonestown and that in fact it was only operating such branch offices in these towns. Appellant argues that when it merged or consolidated with Jonestown and Lula *872 banks under the provisions of Section 5214, supra, it acquired the right to do a general banking business in these towns. Further that it was actually operating branch banks and the comptroller was prohibited by the terms of Section 5228, supra, from issuing a permit to the Bank of Clarksdale to operate branch offices in these towns.
Section 5214, supra, provides:
Any two or more banks may, with the approval of the State Comptroller, consolidate into one bank, under the charter of either existing bank, on such terms and conditions as may be lawfully agreed upon by a majority of the board of directors of each bank proposing to consolidate, and be ratified and confirmed by the affirmative vote of the shareholders of each such bank owning at least two-thirds of its capital stock outstanding, at a meeting to be held on call of the directors, notice of which specifying the purpose shall be given in the manner required by the by-laws, or in the absence of such by-law then by sending such notice to each shareholder of record by registered mail at least ten days prior to such meeting. Provided that the capital stock of such consolidated bank shall not be less than that required under this Act for the organization of a bank in the place in which it is located. And all the rights, franchises, and interests of the banks so consolidated in and to every species of property, personal and mixed, and choses in action thereto belonging, shall be deemed to be transferred to and vested in such bank into which it is consolidated without any deed or other transfer, and the said consolidated bank shall hold and enjoy the same and all rights of property, franchises and interests in the same manner and to the same extent as was held and enjoyed by the bank so consolidated therewith.
It is clear that this statute means that when two or more banks consolidate, they become one bank and operate under the charter of one of the existing banks. The only authority that a bank in this state has to operate is that which is contained in its charter. Appellant’s charter only authorized it to do a banking business in the City of Clarksdale, when it consolidated with the Jonestown and Lula banks under its charter it had no authority to operate a bank in any other place than Clarksdale. And had it not requested and obtained authority to do a banking business in these two towns, it could not have legally operated any kind of banking business in these two towns.
Furthermore, the legislature provided that consolidation could only be had upon such terms as might be lawfully agreed upon by the directors and shareholders of each bank. Here as a part of the terms and conditions agreed upon was that appellant would operate branch offices in Jones-town and Lula. They could have lawfully agreed that appellant would operate branch banks in these towns with the approval of the comptroller, but they did not choose to do so. It is doubtful that they could have lawfully agreed that appellant would carry on a general banking business in these towns because such an operation would be in violation of Section 5235, Mississippi Code 1942 Annotated (1956), which prohibits group or chain banking systems. It affirmatively appears from the record that one of the main considerations which appellant was concerned with in the consolidation was its tax position and in determining whether it would seek authority to operate a branch office or a branch bank at these towns, this was one of the factors considered. Appellant and the banks with which it consolidated agreed that a branch office would be operated and it elected to ask the comptroller to allow consolidation on that basis. That was the terms and conditions upon which the consolidation was approved.
We are unable to agree with the arguments advanced by appellant to the effect that since the statute states that all rights, *873 franchises and interests of the banks consolidated shall be deemed to be the property of the consolidated bank in the same manner and to the same extent as it was held and enjoyed by the bank so consolidated, gave them the right to do a general banking business in Lula and Jonestown. This argument is based upon the assumption that the word franchises used in the statute means the right to carry on a banking business there the same as Lula and Jonestown banks possessed prior to the consolidation.
While it may be said that the charter of a bank is its general franchise to do business, it is possible for a bank to hold other franchises. When this statute was enacted, our decision had established the law to be that when two or more corporations consolidate it results in a new corporation and the old corporation goes out of existence. Yazoo & M.V.RR. Co. v. Sunflower County, 125 Miss. 92, 87 So. 417 (1921); Adams v. Yazoo & M.V.RR., 77 Miss. 194, 24 So. 200, 317, 28 So. 956, 60 L.R.A. 33 (1899). However, the legislature in enacting this statute specifically provided that in the consolidation of two or more banks that they would consolidate under the charter of one of the existing banks. The effect of such consolidation is that one charter remains in existence and the others are extinguished. Thus, when appellant consolidated with Jonestown and Lula banks, the charters of these banks were extinguished by operation of law. When their charters were extinguished it did away with any right that they had to carry on a banking business in these towns. The same result would be reached if the Legislature had provided for a merger instead of a consolidation since the rule is that when a merger is accomplished, the charter of one corporation remains in existence and the charter of the other or others is extinguished.
The record clearly indicates that the appellant construed the statute as we have construed the statute. All the records in the comptroller’s office indicate that appellant was operating a branch office in these towns. As late as August 1966 appellant inquired of the comptroller as to the steps necessary to change its operation to a branch bank. The chancellor was justified in finding from the evidence that appellant was operating branch offices and correctly held that under the laws they had no authority to operate any other type of banking system.
Appellees argue that under the circumstances of this case, appellant is estopped from contending that it had the right to operate other than branch offices in the towns in question. While we do not think the proof in this case justifies the application of the doctrine of estoppel, it does appear that it could be said that even though Section 5214 should be construed as contended by appellants, appellants waived by their action any right to carry on the general banking business or to operate a branch bank in these towns. This theory would be especially applicable insofar as any injunctive rélief against the comptroller is concerned.
Finally, appellant contends that the chancellor was in error in holding that the comptroller did not abuse his discretion in granting the Bank of Clarksdale permits for the operation of branch banks in Lula and Jonestown. The authority was granted under the provisions of Section 5228, supra. Apparently the main basis for this contention is the assumption that before issuing a certificate for branch offices the comptroller must find that public convenience and necessity would be promoted by the establishment of such branch offices. Section 5228 is in the following language:
The state comptroller may permit banks to establish branch offices within the corporate limits of the city where the bank is domiciled when the population is not less than ten thousand (10,000) and within the limits of the county wherein such bank is domiciled, and within the limits of any county adjacent to the county within which such bank is domi *874 ciled; provided, no branch office shall be established in any town or city of less than three thousand five hundred (3,500) population where such town or city has one or more banks or branch banks in operation. Such offices shall not be considered branch banks within the meaning of this act, and no additional capital shall be required therefor. Such branch offices may make loans, and the notes or other evidence thereof, with all the collateral thereto belonging, may remain in said branch office or origin, or may be transmitted to and held in any other office of that individual banking system for collection. Such branch offices may keep such books as may be necessary or proper in the conduct of their business.
 It is clear that the legislature did not see fit to require a finding of public convenience and necessity by the terms of this statute. It did require such a finding with regard to establishment of branch banks under the provision of Section 5226, Mississippi Code 1942 Annotated (1956). We had the occasion to construe Section 5228 in First National Bank of Canton v. Canton Exchange Bank, 247 Miss. 757, 156 So.2d 580 (1963), and we said that this statute was plain and unambiguous and must be construed to mean what is said. The chancellor determined by the evidence in the record which we will not detail that the comptroller did not abuse his discretion in granting permits to the Bank of Clarks-dale to operate branch offices in Lula and Jonestown. We have carefully reviewed this' evidence and we cannot say that he was wrong in so finding.
Appellant argues other points that we find to be without merit.
For the reasons stated this case should be and is affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, BRADY and SMITH, JJ., concur.