OWEN, RECEIVER OF N. O., M. & CHICAGO R. Co. *v.* ANDERSON.

[80 South. 386, Division B.]

1. TRIAL. *Instructions.*

In a suit against a railroad company for personal injury sustained by plaintiff while climbing between the box cars of a train blocking a street crossing, an instruction that if the street crossing was closed and the train at rest, plaintiff had the right to climb between the cars and that if he did so and was injured, he was entitled to recover, was erroneous in that it took no account of the length of time that the crossing had been closed and overlooked the question of negligence altogether.

2. RAILROADS. *Obstructing crossing. Action for injuries.*

In a suit for personal injuries, sustained by plaintiff while climbing over between the box cars of a train obstructing a village street crossing an averment in the declaration, that the crossing had been blocked longer than five minutes, was a material fact, necessary to be proven.

3. RAILROADS. *Obstructing crossing. Negligence. Evidence.*
   Under the facts in this case set out in its opinion, the court held
   that a peremptory instruction for the defendant should have
   been given.

4. RAILROADS. *Obstructing crossings. Village ordinance. Burden of
   Proof.*
   In view of the Code of 1906, section 4049 (Hemingway's Code,
   section 6673), the plaintiff has the burden of showing that
   the village had an ordinance prescribing the stoppage of trains
   at street crossings, where he sues for injuries sustained while
   climbing between the cars of a train obstructing such crossing.

5. EVIDENCE. *Judicial notice. Incorporation of village.*
   The supreme court will take judicial notice that a village is in-
   corporated as such.

APPEAL from the circuit court fo Neshoba county.
HON. J. D. CARR, Judge.

Suit by Tee Anderson against W. H. Owen, Receiver
of the N. O., Mobile & Chicago R. R. Company. From
a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. N. Flowers, J. T. Brown* and *J. C. Rich,* for ap-
pellant.

STEVENS, J., delivered the opinion of the court.

The appellee sued to recover damages for personal
injuries alleged to have been sustained through the
negligence of the defendant railroad company in block-
ing the highway in the village of Stallo, Miss. The
record discloses that there is a passing track at Stallo;
that on the occasion complained of a freight train pulled
in on the side track to await the arrival and passage
of a passenger train; that, while the freight train thus
stood upon the side track, it extended across the village
road which crossed the railroad track some fifty or
seventy-five yards south of the depot. It is further
shown without dispute that the employees operating
the freight train when they first pulled in on the side

track opened or cut the crossing and kept the highway opened until about the time the passenger train blew for the station of Stallo. At or about the time the passenger train arrived, the freight train crew then coupled up the cars, and for a short period of time had the crossing closed. After they had closed the crossing, the plaintiff arrived at the crossing in haste, and, finding the freight train across the street, he proceeded to climb over between the box cars. Just as he placed his foot on the coupling, the engineer of the freight train began moving the train, and the plaintiff's foot was caught and to some extent mashed and injured. The declaration charges that the defendant company wrongfully blocked the crossing and kept the highway closed for a period of time exceeding five minutes. Issue being joined, the cause was carried to the court and jury, and certain instructions given the plaintiff are now assigned as error.

Instruction No. 4, complained of, reads as follows:

"The court instructs the jury for the plaintiff that if they believe from the evidence the plaintiff, Tee Anderson, on reaching the railroad crossing at Stallo, found the said crossing was closed and the train at rest, and plaintiff attempted to cross the said train, and that no legal warning was given him by defendant, and no danger apparent, and that while so crossing he received the injury complained of, then in that event he is entitled to recover from the defendant in any sum not to exceed the amount sued for that you may believe from the evidence he is entitled, and you should so find."

Instruction No. 2, next assigned as error, reads:

"The court charges the jury for the plaintiff that under the law it was the duty of the engineer running or operating a locomotive or car in approaching a station to ring a bell, and that the same is also true of

the departure of a train, and the failure to do so amounts to negligence on the part of the railroad in charge of the train, and if you believe that defendant was negligent in this regard, and that as a result of same plaintiff received his injuries, then it is your duty to find for the plaintiff in such sum as you feel warranted under the testimony, not to exceed the sum sued for.''

Other questions are raised, among which is the contention that the *prima-facie* statute has no application, the facts and circumstances all being in evidence; but our view of the case renders it unnecessary to make more specific reference to the other propositions argued.

No brief appears of record on behalf of the appellee, and we must look to the record for the plaintiff's theory of this case. We assume that the suit was filed upon the theory, that the defendant had wrongfully blocked a street crossing for an unlawful period of time, and that, if the plaintiff found the crossing closed and the train standing still, he had a legal right to climb between the cars in order to proceed on his journey. This is the only theory upon which the plaintiff, under any view of the authorities, could present a plausible case. But instruction No. 4, complained of, did not accurately present this theory to the jury, and the grant of this instruction is manifest error. On the face of it this instruction takes no account of the length of the time the crossing had been closed and overlooks the question of negligence altogether. This instruction appears to tell the jury that, if the crossing was closed and the train at rest, the plaintiff had legal right to climb upon the train, and that, if he did so and was injured, he was entitled to recover. In practical effect this instruction amounted to a peremptory instruction. On the question of time the plaintiff failed to prove the exact length of time the crossing had been blocked at the time the plaintiff attempted to pass. On this point the plaintiff

testifies that after reaching the standing freight train he stood there a couple of minutes and then climbed upon the train. He says he was in great haste to catch the passenger train and did not know and was in no position to state just how long the highway had been closed.

The only other witness for the plaintiff who had anything to say on this subject was the witness Snow, who states:

"I just had passed through there just before he come up; I passed through, and the crossing was open, and just stopped a little while until the passenger train blew for the station; it was about the time they coupled up the freight train; anyhow, it was just a little while, and this negro come running down the street by me," etc. ,

And at another point:

"I was not noticing the freight train specially or possibly not at all; I was just standing there and had just walked through and met Mr. Blunt, and was just a little while until this train was coupled up," etc.

On cross-examination he was asked:

"Q. You said they coupled up the crossing just as the passenger train blew? A. Yes, sir; I think so."

Under the most favorable view of the case for the plaintiff, the averment of the declaration that the cross-- ing had been blocked for a period of time longer than five minutes was a material fact, and the proof of this fact was vital to the plaintiff's case. We do not mean hereby even to intimate that the plaintiff, by proving that the crossing had been blocked for more than five minutes, would have a cause of action, under the circumstances detailed by him. If the testimony presented such case, a discussion of the authorities would then be pertinent. On the record before us the plaintiff has no case, and the peremptory instruction, which was

requested by and refused the defendant, should have been given.

Section 4049, Code of 1906 (section 6673, Hemingway's Code), provides that the railroad companies shall not obstruct travel at a highway crossing for a longer period than five minutes, and also that it shall not obstruct travel at a street crossing for a longer period than shall be prescribed by ordinance of the city, town, or village. We take judicial notice of the fact that Stallo was incorporated as a village, and we fail to find in evidence any ordinance prescribing the length of time railroad companies may stop trains at the street crossings of Stallo. In this particular the plaintiff failed to meet the burden imposed by his own theory, of the case.

Instruction No. 4 has something to say about "legal" warning." There was no effort to define or to explain what the court meant by this expression. There was no effort to deny the fact that the crossing was closed when the plaintiff reached it and that the train at that time was at rest. The granting of instruction No. 4 left the jury no option but to render a verdict for the plaintiff, and this the jury did in the small sum of two hundred and fifty dollars. But the granting of instruction No. 4 is not the main error in the case. The facts come nearer showing that the plaintiff attempted to run over a freight train and in doing so injured himself. The judgment of the learned circuit court will be reversed, and judgment entered here in favor of appellant.

Reversed, and judgment here for appellant.

*Reversed.*