GORDON *et al. v.* WOOTEN *et al.*

(Division B.   Feb. 5, 1934.)

[152 So. 481.  No. 31024.]

**J. F. Dean,** of Senatobia, for appellants.

Herbert Holmes, of Senatobia, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants, patrons of the Coldwater separate school district which embraced additional rural territory, filed a petition in the circuit court of Tate county, seeking a writ of mandamus to compel appellees, trustees of the school district, to provide for transportation of the children of appellants, pupils of said school living more than two miles from the school house in said district. The petition alleged that the appellants were compelled, by law, to send their children to school, and that they live from two and one-half to five or more miles from the school house in said district, and that it is necessary that their children be provided with transportation to and from said school, as it is a physical impossibility for many of the younger children to walk from five to ten miles a day to go to school, especially in cold, bad, or rainy weather. The petition also alleged that appellants are taxpayers in said district, but have no voice in the election of trustees, nor the levying of taxes, and that it is an unjust discrimination against them to compel them to pay taxes to said school district and to be denied the benefits and privileges of said school, or be compelled to furnish the necessary transportation for their children at their own expense in addition to the school taxes they are compelled to pay to support said school in said separate school district; and that it is the duty of the appellees, as trustees of said school, to provide transportation for children living more than two miles from said school, said trustees having the power so to do conferred upon them by law; but that they have failed and refused to comply with their duty, as such trustees, in providing such transportation for all children living in said district more than two miles from the school house, and that petitioners have no adequate remedy other than mandamus, to compel the performance of appellees' duty in said regard.

By section 6657, Code 1930, the board of mayor and aldermen may declare a municipality a separate school district, and, under certain conditions, other unincorporated districts may be created separate school districts.

Under section 6662, Code 1930, a municipality constituting a separate school district is given the authority to levy a tax on the entire separate school district for the purposes of said school.

Section 6664, Code 1930, provides for the board of trustees of separate school districts and their qualifications.

Section 6665, Code 1930, prescribes the duties of the trustees of separate school districts, and clause 7 thereof reads as follows: "To furnish blackboards and other necessary furniture, books, equipment, and apparatus for the use of the schools; to provide transportation when necessary for the children in their respective districts who live two miles or more from the school house, and pay for same out of the school funds of the district, as teachers' salaries are paid."

The petition filed by the appellants was demurred to, and this demurrer was sustained by the court below.

We think the petition was good against the demurrer, although it was not as full and complete as it should have been. It appears that the appellants lived from two and one-half to five or more miles from the school house in said district.

It is the duty of separate school districts to provide schools within convenient and reasonable distances, or, in lieu thereof, if the school houses are not so situated, to provide transportation.

Appellees urge that the words "when necessary" leave it to the discretion of the board to determine whether or not they will provide transportation.

As stated above, it is the duty of the proper authorities to provide school facilities so that children within reasonable distances can attend school. During certain ages,

it is mandatory that children attend school. In some situations, there are methods of transportation, such as trolley and bus lines, etc., by which pupils may attend school. In some of the larger municipalities which maintain high schools, as distinguished from grammar schools, pupils of certain ages are able to reach the schools without undue inconvenience, hardship, or exposure. Where such transportation is available, it may be that the trustees can dispense with the transportation at public expense; but where the authorities have located school buildings so far distant that small children cannot, with safety and without undue exposure, attend school, it is contemplated that the authorities shall furnish transportation. When the facts show that the pupils cannot reach the school buildings safely and without undue exposure, then the necessity exists as a matter of law. The transportation feature was provided so that better buildings and equipment could be provided, and, at the same time, the children could reach schools with safety.

We know that small municipalities do not have trolley or bus lines for public transportation. We also judicially know the classes of municipalities in this state; and we know that it is not reasonable to require children to walk from three to five or more miles to school, and that such a great distance would subject them to exposure, and make it impossible for them to receive the benefits of the school system.

We think it was error, therefore, for the court below to have sustained the demurrer to the petition.

The cause will be reversed and remanded for further procedure in consonance with the views herein expressed.

Reversed and remanded.