## CITY OF ABERDEEN *v*. BANK OF AMORY.

(In Banc. May 12, 1941.)

[2 So. (2d) 153. No. 34564.]

Thos. **F. Paine** and **D. W. Houston, Sr. & Jr.,** all of Aberdeen, for appellant.

**Leftwich & Tubb,** of Aberdeen, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee, the Bank of Amory, brought this action in the chancery court of Monroe County against appellant, the City of Aberdeen, to recover the sum of $705.83. The trial was had on bill, answer, and proofs, oral and written, resulting in a decree in favor of the bank in the sum of $198.30. From that judgment, the city prosecutes this appeal.

There is no substantial conflict in the material evidence.

Crosby and Sherman were employed by the city to do the necessary engineering services required in the construction of a municipal airport for which the city agreed to pay them the sum of $200 for a preliminary survey and assistance in securing the approval of the project by the Works Progress Administration, and in addition five per cent of the funds for their supervision services. Crosby and Sherman secured a loan from the bank in the sum of $3,000 for which they gave their note. To secure this

note, they transferred and assigned in writing to the bank their contract with the city in which they directed the city to pay any amounts due or to become due them under their contract, to the bank. The execution of this assignment was acknowledged by Crosby and Sherman before a notary public. The original is part of the record in this case. The contract between the city and Crosby and Sherman was dated the 12th day of February, 1936. The assignment of the contract to the bank was dated May 20th, 1936. It was filed with the city clerk. The clerk endorsed thereon near the bottom with a rubber stamp in red letters the following: "City of Aberdeen, Mississippi. Filed in this office this the 25th day of May, 1936. R. C. Maynard, City Clerk." Some time in October, 1936, Crosby and Sherman notified the city they had paid their indebtedness to the bank. That was untrue. They still owed the bank something like $2,000. Acting upon the supposed truth of such statement, the city clerk returned the assignment to the bank without explanation, except he wrote across the filing entry thereon in blue pencil the word "void." This notation is so indistinct as to be hardly noticeable. The officers and employees of the bank testified that they did not know it was on there when received nor afterwards until the rights of the parties had becomes fixed. After receiving the notice the city paid Crosby and Sherman the amount for which judgment was rendered, $198.30.

The city seeks to reverse the judgment upon two grounds: (1) that the filing of the assignment with the city clerk was not legal notice to the city; (2) that if it was notice under the law the bank was estopped from relying on the assignment by non-action after the return of the assignment by the city clerk with the word "void" marked on it. We will dispose of these contentions in the order stated:

(1) There is no decision of our court directly in point as to whether such a notice filed with the municipal clerk is notice to the municipality, but there are decisions of

our court which on principle are decisive of the question in favor of the contention of the bank. People's Bank v. Attala County, 156 Miss. 560, 126 So. 192, and that holding is supported by decisions of other jurisdictions. Burditt v. Porter, 63 Vt. 296, 21 Atl. 955, 25 Am. St. Rep. 763; Thayer v. Lyman, 35 Vt. 646. In Gordon v. Wooten, 168 Miss. 717, 152 So. 481, it was held that the courts take judicial notice of the classes of municipalities in this state and that small municipalities do not have trolley and bus lines, and in Owen v. Anderson, 119 Miss. 66, 80 So. 386, that a municipality is incorporated as such. For like reasons, the courts will take judicial notice of which municipalities are operating under the Code chapter on that subject and which operate under special charters, and furthermore, of the duties and obligations of their municipal officers. Under these principles this court knows that the municipal clerk is not only its clerical officer but is the custodian of all of its books, records, and papers. Part of his duties is to keep the governing officers of the municipality informed as to such records and papers. We are of opinion that the filing of the assignment with the city clerk was notice to the governing authorities of the municipality.

(2) The statement made by the engineers to the city clerk that the debt to the bank had been paid did not revoke the assignment. When the rights of the parties had become fixed under such an instrument it is irrevocable. Sevier v. McWhorter, 27 Miss. 442; 5 C. J., sec. 101, p. 938; 6 C. J. Supp., Assignments, sec. 79, p. 1134. Nor was the bank estopped by the endorsement of the word "void" on the assignment when returned for the evidence showed and the chancellor so found that the bank knew nothing of the endorsement and was not negligent in failing to observe it.

Affirmed.