566 So.2d 202 (1990)
John ENROTH and Betty Jo Enroth
v.
MEMORIAL HOSPITAL AT GULFPORT.
No. 07-CA-58911.
Supreme Court of Mississippi.
July 25, 1990.
*203 Herman F. Cox, Jimmy D. McGuire, McGuire & Cox, Gulfport, for appellant.
Ann Bowden-Hollis, Galloway & Galloway, Gulfport, for appellee.
Before DAN M. LEE, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal presents questions regarding the manner of proving the legal status of a community hospital in Gulfport, Mississippi, and thereafter the question whether Section 104 of our constitution affords the hospital immunity from the running of statutes of limitations.

II.
John Enroth and Betty Jo Enroth are husband and wife and are adult residents of Harrison County and are Appellants here. Memorial Hospital of Gulfport, today's Appellee, is a judgment lien creditor of John Enroth.
Back on October 19, 1978, in proceedings in the County Court of Harrison County the Hospital obtained a judgment against Enroth in the principal sum of $1,406.88 plus interest and costs. The Hospital had this judgment enrolled in the Judgment Roll of Harrison County, First Judicial District, on November 29, 1978, and from that moment and by that means perfected a lien upon all property Enroth then owned or may thereafter have acquired within the county and judicial district. The judgment has not been paid, nor at the time of this action had its lien been discharged.
It seems John Enroth and Betty Jo Enroth owned some real property within the First Judicial District of Harrison County, and, in the Spring of 1986, the Enroths contracted to sell that property to David McKenna and Annette McKenna. In the course of a title examination preliminary to the sale, all parties discovered the Hospital's unsatisfied judgment which by that time, with interest, had risen to over $2,500.00. More importantly, by this time more than seven years had elapsed since the judgment had been enrolled, without renewal, see Miss. Code Ann. § 15-1-47 (1972). As perfect as it may be when enrolled, a judgment lien does not persist in perpetuity and is ordinarily extinguished after seven years, if not renewed. The question here is whether Memorial Hospital may be a political subdivision of the state and thus immune from the bar of limitations contained in Miss. Const. Art. 4, § 104, and Miss. Code Ann. § 15-1-51 (1972).
Behaving sensibly, the parties withheld the amount of the accrued judgment debt  some $2,543.20  and proceeded to close the sale to the McKennas and have the judgment marked satisfied, its lien cancelled, with John Enroth and Memorial Hospital transferring their claims to the funds, which an escrow agent promptly interpled in the Chancery Court of Harrison County, First Judicial District.
Upon stipulated facts, the Chancery Court held that Memorial Hospital was a political subdivision of the State of Mississippi and thus immune from the bar of statutory periods of limitations.
In its opinion, the Chancery Court expressly finds that Memorial Hospital at Gulfport is a subdivision of the State of Mississippi and that it is entitled to the protection of Section 104 of the Constitution of the State of Mississippi and also Section 15-1-51 of the Mississippi Code of 1972, annotated.
The Court then entered judgment for the Hospital and against Enroth for the sums interpled.

III.
The Enroths appealed to this Court, arguing first that the record was devoid of a factual predicate for the Court's finding *204 that Memorial Hospital was a political subdivision of the state and, further, that this is the sort of fact of which the Court could not take judicial notice and, thereafter, that, even if the Chancery Court's factual premises were adequately grounded, Memorial Hospital as a matter of law enjoys no protection from the running of limitations.
A careful examination of the record left us in substantial doubt regarding the factual basis for the Court's critical finding, and we remanded to the Chancery Court
with instructions that the Court advise us specifically of the basis of the foregoing finding. If the finding is predicated upon judicial notice, the Court should, of course, afford the Enroths a reasonable opportunity to be heard in opposition. See Rule 201(e), Miss.R.Ev.
Enroth v. Memorial Hospital at Gulfport, 556 So.2d 1377 (Miss. 1990) (unpublished opinion); see Tricon Metals & Services, Inc. v. Topp, 516 So.2d 236, 239 (Miss. 1987).
The Chancery Court convened the parties for hearing on March 30, 1990, and announced its finding that Memorial Hospital at Gulfport was a community hospital jointly owned by the City of Gulfport and the Gulfport-West Harrison County Hospital District. The Court expressly predicated this finding upon its judicial knowledge.

IV.

A.
Our first question is whether the ownership, operation and status of a facility such as a hospital are matters, the factual components of which may be judicially noticed. Our point of beginning is Rule 201(b), Miss.R.Ev., which provides
Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
See Thornton v. Shows by Shows, 537 So.2d 1363, 1365 (Miss. 1989); Administrators of the Tulane Educational Fund v. Cooley, 462 So.2d 696, 699 (Miss. 1984); see also Eidt v. City of Natchez, 421 So.2d 1225, 1229-30 (Miss. 1982) (pre-rules discussion of types of facts that may be judicially noticed).
Where the strictures of the rules have otherwise been met, we have over the years  pre-Rules and post-Rules  recognized that a court may take judicial notice that "a certain town or city is within a certain county," Jackson v. State, 556 So.2d 335, 336-37 (Miss. 1990); of the official acts of public officials, Frazier v. State by and Through Pittman, 504 So.2d 675, 681-82, fns. 3, 5, 8, 10 (Miss. 1987); of the fact that 11:00 p.m. does not occur "in the daytime" within the limitations of a search warrant, Strange v. State, 530 So.2d 1336, 1339 (Miss. 1988); of statistical information concerning unemployment levels and average weekly wages, Eidt v. City of Natchez, 421 So.2d 1225, 1229-30 (Miss. 1982); of the geologically establishable behavioral properties of natural gas under pressure, Transcontinental Gas Pipe Line Corp. v. State Oil and Gas Board, 457 So.2d 1298, 1307 (Miss. 1984), reversed on other grounds, 474 U.S. 409, 106 S.Ct. 709, 88 L.Ed.2d 732 (1986).
Closer to the case at bar, we have implicitly noticed the status of corporate enterprises in Morco Industries, Inc. v. City of Long Beach, 530 So.2d 141, 142-44 (Miss. 1988) and Administrators of the Tulane Educational Fund v. Cooley, 462 So.2d 696, 699-700 (Miss. 1984), and the incorporated status of municipalities and villages, City of Aberdeen v. Bank of Amory, 191 Miss. 318, 322, 2 So.2d 153, 155 (1941); King v. Caraway, 132 Miss. 679, 688, 97 So. 422, 424 (1923); Owen v. Anderson, 119 Miss. 66, 71, 80 So. 386, 387 (1919). See also Caruthers v. Panola County, 205 Miss. 403, 418, 38 So.2d 902, 906 (1949) (judicial notice that Panola County is divided into two judicial districts and that Batesville is the county seat of the second district).
*205 One does not have to be a lawyer to sense that the organization, funding and operation of Memorial Hospital at Gulfport are matters "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Certainly in this latter sense the factual status of the hospital is one "not subject to reasonable dispute." The Chancery Court, however, relied on Rule 201(b)(1) in holding that the Hospital's status was generally known within the community. We agree here as well. These factual matters regarding the Hospital are the kind of adjudicative facts subject to the Court's judicial knowledge within Rule 201(b)(1) or (2).

B.
The question then becomes, how the Court should go about the business of judicially noting these facts?
It is a cliche of judicial notice that a fact is not judicially noticeable by virtue of being known to the judge; conversely, the mere fact that the judge happens to be unacquainted with the fact of common knowledge should not bar him from taking judicial notice of it. This situation is likely to arise when a judge sits in another district and the fact to be noticed is a matter known only within the territorial jurisdiction of that court or where some local fact is to be noticed on appeal. But even where the judge thinks that he knows the fact to be a matter of common knowledge, it would be a salutary practice to check his understanding against other sources of information when this can be conveniently done... .
21 C. Wright & K. Graham, Federal Practice & Procedure: Evidence § 5108 at 513-14 (1977).
A court may look to any source it deems helpful and appropriate, including official public documents, records and publications. The Court is not limited by rules of evidence otherwise enforceable in judicial proceedings. Witherspoon v. State ex rel. West, 138 Miss. 310, 320, 103 So. 134, 136-37 (1925) said:
He may resort to ... government publications, dictionaries, encyclopedias, geographies, or other books, periodicals and public addresses.
(citing, inter alia, Puckett v. State, 71 Miss. 192, 195, 14 So. 452, 453 (1893)). Nothing in Rule 201 casts doubt on Witherspoon.
In the case at bar, the Court recited and listed the sources it had considered and included among those (1) numerous newspaper articles discussing the nature, operation and funding of Memorial Hospital, (2) conversations with physicians, (3) conversations with the Chancery Judge's own niece who was an employee at the hospital, (4) conversations with a lawyer not involved with this particular case but who was familiar with the matter, and (5) the fact that, before becoming Chancery Judge and in his prior capacity as a lawyer, he had been involved in a lawsuit regarding the hospital in which its legal status had been an issue. We hold these bases adequate that the Court may judicially know the factual components of the Hospital's status.

C.
One further point requires note. Rule 201(e) provides that a party affected by the Court's taking judicial notice of a fact is entitled to an opportunity to be heard. This accords with our pre-rules law. Eidt v. City of Natchez, 421 So.2d at 1230-31. In our February 21, 1990, order for remand, we directed that the Chancery Court "afford the Enroths a reasonable opportunity to be heard in opposition."
The record of the proceedings on remand held March 30, 1990, reflects that counsel for the Enroths was present and was afforded the opportunity to present evidence or otherwise be heard. Counsel announced "I don't have any proof to offer either way ... I have nothing to offer, one way or the other." There can be no doubt that the Enroths were afforded the procedural opportunities required by common fairness and, more specifically, by Rule 201(e).

*206 V.
We take it as established that Memorial Hospital at Gulfport is jointly owned by the City of Gulfport, a municipal corporation, and the Gulfport-West Harrison County Hospital District, a corporate creation of political subdivisions of this state, that the Hospital is governed by a board of trustees jointly appointed by the City Council of the City of Gulfport and the Board of Supervisors of Harrison County, that it is substantially supported by public funding. The legal question, then, is the effect of these facts, and we ask the question within the particular context of constitutional and statutory provisions.
Miss. Const. Art. 4, Section 104 (1890) provides
Statutes of limitation in civil cases shall not run against the state, or any subdivision or municipal corporations thereof.
Implementing Section 104, though its terms appear self-executing, the legislature enacted Section 2736 of the Annotated Code of 1892, by way of 1892 Miss. Laws 60, ch. 65:
Statutes of limitation in civil cases shall not run against the state, or any subdivision or municipal corporations thereof... .
This statute is now codified as Miss. Code Ann. § 15-1-51 (1972).
Town of Crenshaw v. Panola County, 115 Miss. 891, 903-04, 76 So. 741, 743 (1917), recognized that a municipality enjoys Section 104 immunity, but this is no surprise as a "municipal corporation" is expressly named therein, and in Section 15-1-51 as well. Gully v. Bew, 170 Miss. 427, 436, 154 So. 284, 288 (1934) held a county a "subdivision" entitled to the protection of Section 104. To like effect is Board of Education v. Loague, 405 So.2d 122, 124-26 (Miss. 1981). Closer to the mark Adams v. Illinois Central Railroad Company, 71 Miss. 752, 754-55, 15 So. 640, 640 (1894) held the Yazoo-Mississippi Delta Levee District a "subdivision," within Section 104.
Community hospitals are creatures of statute. The original legislation appears in 1944 Miss. Laws 490-92, ch. 277 and provided for various combinations between county, city, town or supervisors district for the creation, operation and funding of community hospitals. The current statutes on community hospitals are codified as Miss. Code Ann. §§ 41-13-10 et seq. (1972 and supplements). Miss. Code Ann. § 41-13-15 (Supp. 1989) is the operative statute at issue and in sub-section 1 thereof provides
Any county and/or any political or judicial subdivision of a county and/or any municipality of the State of Mississippi, acting individually or jointly, may acquire and hold real estate for a community hospital ... and construct a community hospital thereon... .
This is precisely what the City of Gulfport and the Gulfport-West Harrison County Hospital District have done and the product of their labors is Memorial Hospital at Gulfport. We have held the office of trustee for a community hospital a public office. State Ex Rel. Pair v. Burroughs, 487 So.2d 220, 223 (Miss. 1986). Add to the above our holding that public operation of a hospital is a governmental rather than a proprietary function, City of Leland v. Leach, 227 Miss. 558, 560-61, 86 So.2d 363, 364-65 (1956).
Without further ado we hold that Memorial Hospital at Gulfport is a "subdivision [of the state] or municipal corporation thereof" within the meaning and contemplation of Section 104 of the Constitution and statutory Section 15-1-51. It follows that Section 15-1-47's seven-year period of limitations governing judgment liens was and is inoperative against the judgment the Hospital held against John Enroth. The Chancery Court correctly entered judgment that the Hospital was entitled to the funds interpled and denying Enroth's claim thereto.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.