# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-01107-COA

**ORDELL NORMAN**                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

DATE OF JUDGMENT:              09/09/2024
TRIAL JUDGE:                   HON. BRAD ASHLEY TOUCHSTONE
COURT FROM WHICH APPEALED:     LAMAR COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        ORDELL NORMAN (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: ALLISON ELIZABETH HORNE
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 02/03/2026
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT**

¶1.     This appeal is before this Court after we remanded the case to the circuit court to consider Ordell Norman's motion for post-conviction relief. *See Norman v. State*, 391 So. 3d 228 (Miss. Ct. App. 2024). On remand, the circuit court denied the motion because it was successive and contained substantive flaws that rendered relief improper. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On January 26, 2021, a Lamar County jury found Ordell Norman guilty of possession of a controlled substance.[1] At trial, Norman was represented by counsel, but he relieved his

---

[1] Norman has filed at least five motions for post-conviction relief. In the circuit

counsel of representation after the following colloquy occurred at a pre-trial motion hearing on January 11, 2021:

| | |
|---|---|
| **BY THE COURT:** | Can you tell me that you have confidence in your attorneys or not? |
| **BY THE DEFENDANT:** | I don't but. |
| **BY THE COURT:** | Okay, in that case, I'm going to release them from representing you, because I can't let you go forward with lawyers -- all that -- all I'm doing is setting them up for a malpractice claim later, you see. You understand that? Because if you're not successful, you'll just turn around and blame them for not being successful, and I can't do that to these two lawyers. They work hard, and they're honest, good guys, and because y'all can't communicate -- it's not necessarily their fault, so I'm going to release both of them from representing you. And I'm you're -- I am going to give you this opportunity now to see where we're going from here. You have every right to go forward and try your case on your own. If you do, |

---

court, he filed motions on the following dates: October 21, 2021 (first); April 21, 2022 (second); July 11, 2022 (third); and February 7, 2023 (fourth); he also filed a motion for post-conviction relief with the Mississippi Supreme Court on July 20, 2022. We draw portions of the facts in this opinion from Norman's previous appeals. *See Norman v. State*, 391 So. 3d 228 (Miss. Ct. App. 2024); *see also, e.g.*, Order, *Norman v. State*, No. 2022-M-00725 (Miss. Jan. 4, 2023) (dismissing without prejudice Norman's PCR motion in the Lamar County Circuit Court, which was docketed there as No. 22-cv-00087-BT). We also take judicial notice of his July 11, 2022 motion that is available in the Lamar County Circuit Court's public records. *See Bailey v. State*, 270 So. 3d 108, 109 n.1 (Miss. Ct. App. 2018) ("We take judicial notice of our own docket."); *cf. Riverview Dev. Co. v. Golding Dev. Co.*, 109 So. 3d 572, 576 (¶13) (Miss. Ct. App. 2013) ("Under [Mississippi Rule of Evidence] 201, '[a] court may look to any source it deems helpful and appropriate, including official public documents, records and publications.'" (quoting *Enroth v. Mem'l. Hosp. at Gulfport*, 566 So. 2d 202, 205 (Miss. 1990))).

| | |
|---|---|
| | I have to warn you under the Rules of Civil Procedure, that you do increase the likelihood of a conviction. You put yourself in peril that way, and the Court can't advise you to do that, but you do have the right to be a pro se litigant to represent yourself at trial, and I'll even appoint someone to sit with you and advise you on procedural matters, while you represent yourself, if it means we can go to trial and you get your day in court. Now, I've also found on the other hand, because the position I've been put in, to give you an opportunity to hire other counsel and put the case off. What do you -- I'm going to give you the opportunity to tell me what you want to do. |
| **BY THE DEFENDANT:** | I want to go forward with my public defender. |
| **BY THE COURT:** | I can't allow that because you don't have confidence in them, and that's a requirement of the constitution. You understand that? I will appoint somebody to sit with you at the trial and advise you on legal or answer legal questions for you, if you want. I want to try to -- I want you to have your day in court. |
| **BY THE DEFENDANT:** | That's fine. |
| **BY THE COURT:** | Would you like to do that? |
| **BY THE DEFENDANT:** | That's fine. |

¶3.    Norman did not hire new counsel for trial. The court appointed standby counsel "to insure that [Norman] had all of the resources necessary and at his disposal to prepare his defense and present that defense at trial." At the beginning of trial, the court stated that Norman had the right to appointed counsel under Mississippi Rule of Criminal Procedure

3

7.1(b), but according to Rule 7.1(c) he waived that right at the pre-trial motion hearing.[2]

---

[2] Mississippi Rule of Criminal Procedure 7.1(b)-(c) states:

(b) Right to Appointed Counsel. An indigent defendant shall be entitled to have an attorney appointed in any criminal proceeding which may result in punishment by loss of liberty, in any other criminal proceeding in which the court concludes that the interests of justice so require, or as required by law. The determination of the right to appointed counsel, and the appointment of such counsel, is to be made no later than at the indigent defendant's first appearance before a judge.

(c) Waiver of Right to Counsel. When the court learns that a defendant desires to act as his/her own attorney, the court shall conduct an on-the-record examination of the defendant to determine if the defendant knowingly and voluntarily desires to act as his/her own attorney. The court shall inform the defendant that:

1. The defendant has a right to an attorney, and if the defendant cannot afford an attorney, then the court will appoint one free of charge to defend or assist the defendant in his/her defense.
2. The defendant has the right to conduct the defense and may elect to do so and allow whatever role (s)he desires to his/her attorney.
3. The court will not relax or disregard the rules of evidence, procedure or courtroom protocol for the defendant and that the defendant will be bound by and have to conduct himself/herself within the same rules as an attorney, that these rules are not simple and that without legal advice his/her ability to defend himself/herself will be hampered.
4. The right to proceed *pro se* usually increases the likelihood of a trial outcome unfavorable to the defendant.
5. Other matters as the court deems appropriate.

After informing the defendant and ascertaining that the defendant understands these matters, the court will ascertain whether the defendant still wishes to proceed pro se or if the defendant desires an attorney to assist him/her in his/her defense. If the defendant desires to proceed pro se, the court should determine whether the defendant has exercised this right knowingly and voluntarily and, if so, make the finding a matter of record. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings. Additionally, the court may appoint

¶4.    The jury found Norman guilty of possession of a controlled substance, and he was sentenced to serve eight years in the custody of the Mississippi Department of Corrections. Norman did not appeal.

¶5.    On October 21, 2021, Norman filed his first "post[-]conviction petition for out of time appeal, appointment of appellate counsel and for other relief." Norman claimed that he was not advised of his right to appeal his conviction pursuant to Mississippi Rule of Appellate Procedure 4. In his motion, he asked that the court grant him relief so he could file an appeal.

¶6.    On April 21, 2022, while the first PCR motion was pending, Norman filed a second "post[-]conviction petition for out of time appeal, appointment of appellate counsel and for other relief" and asserted the same claims as the first motion.

¶7.    On May 26, 2022, the circuit court entered two orders denying Norman's two motions for an out-of-time appeal. In those nearly identical orders, the circuit court explained that Mississippi Rule of Appellate Procedure 4(h) authorizes a trial court to "reopen the time for appeal" if a party can show that he failed to receive notice and that the motion for an extension of time was "filed within 180 days of entry of the judgment or order, or within seven days of the receipt of such notice, whichever is earlier." *See* M.R.A.P. 4(h). The circuit court found "no indication in the record that Norman received notice of the entry of his sentencing order." However, the court found that Norman's motions were filed more than

an attorney to assist the defendant on procedure and protocol, even if the defendant does not desire an attorney. Such advisory counsel shall be given notice of all matters of which the defendant is notified.

180 days after his sentencing order was entered. The circuit court then dismissed his motion for lack of jurisdiction under Rule 4. Norman did not appeal either of those orders.

¶8. On July 11, 2022, Norman filed a third motion and labeled it a "Petition for Post Conviction Collateral Relief to Vacate Set Aside Illegal and Unlawful Conviction and Sentence." Norman claimed that "the trial court erred in convicting and sentencing" him "for a crime that was expunged/dropped." He also argued that the trial court erred by allowing him to represent himself and by improperly appointing a public attorney as "sit-in" counsel without his consent.

¶9. On July 20, 2022, Norman filed a motion and again labeled it a "Petition for Post Conviction Collateral Relief to Vacate Set Aside Illegal and Unlawful Conviction and Sentence" (Appeal No. 2022-M-00725). This time, though, he filed this motion with the Mississippi Supreme Court, which dismissed the motion for post-conviction relief without prejudice since Norman did not appeal his conviction or sentence. *Id.* The supreme court stated, "[T]he panel find that the petition for post conviction relief is not properly before this Court, and it should be dismissed without prejudice to be filed in the trial court. Miss. Code Ann. § 99-39-7 (Rev. 2020)." Order, *Norman v. State*, No. 2022-M-00725 (Miss. Jan. 4, 2023).

¶10. On August 1, 2022, the trial court entered a memorandum opinion and order dismissing Norman's July 11, 2022 PCR motion. The court found that Norman's sentence was not illegal since the circuit court "did not try Norman for the same offense that was

6

before the Hattiesburg Municipal Court" as Norman claimed. The court also found that Norman "waived his right to counsel" and that the court "did not need Norman to consent" to the appointment of standby counsel under Mississippi Rule of Criminal Procedure 7.1.

¶11.   On February 7, 2023, Norman filed his fourth PCR motion in the circuit court that he labeled a "Post[-]Conviction Petition for Out of Time Appeal, Appointment of Appellate Counsel and for Other Relief." He again claimed he was not informed of his right to appeal. The circuit court dismissed his motion and explained that the circuit court "previously found it is without jurisdiction to grant Norman the relief he seeks, and, in the instant motion, he makes no argument the [circuit c]ourt has obtained jurisdiction or was mistaken in its earlier order."

¶12.   Norman appealed the denial of his fourth PCR motion. On appeal, this Court reversed the circuit court's dismissal of Norman's fourth motion because

> [a]t no time did the circuit court consider whether Norman's motion was timely under the UPCCRA . . . . Instead, the court denied Norman's motion by upholding its prior rulings that it lacked jurisdiction under Rule 4. In *Rodgers v. State*, 327 So. 3d 675, 677 (¶7) (Miss. Ct. App. 2021), we reversed and remanded the dismissal of the petitioner's PCR motion because the court had failed to address his "entitlement to an out-of-time appeal under the UPCCRA." *See also Pulliam* [*v. State*], 282 So. 3d [734,] 737 (¶13) [(Miss. Ct. App. 2019]) (reversing court's ruling the petitioner was not entitled to relief under Rule 4(g) and remanding for court to make a determination whether petitioner's PCR motion for an out-of-time appeal "meets the requirements of section 99-39-9 and states a ground for relief"). Although we acknowledge that these cases concerned the petitioners' first PCR motions, not their third (as here), we nonetheless find them applicable in the present case because the circuit court's dismissal of Norman's motions was not based on section 99-39-5 of the UPCCRA. For this Court now to rely on the UPCCRA to bar the consideration of Norman's timely motion for an out-of-time appeal as

7

successive would be untenable, as the motion was never considered under the UPCCRA.

*Norman v. State*, 391 So. 3d 228, 231 (¶8) (Miss. Ct. App. 2024).

¶13.    On remand, the circuit court considered Norman's fourth PCR motion under the UPCCRA as this Court directed. The circuit court held that "the procedural deficiencies, successive nature of the petition, and substantive flaws in Norman's claims render [Norman's] motion for post-conviction relief improper" and denied his motion. Norman appealed, requesting that his out-of-time appeal be granted because his right to counsel was violated since he did not request to represent himself.

**STANDARD OF REVIEW**

¶14.    "When reviewing a [circuit] court's decision to deny a petition for post[-]conviction relief[, we] will not disturb the [circuit] court's factual findings unless they are found to be clearly erroneous." *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999). "Where questions of law are raised the applicable standard of review is de novo." *Id.*

**ANALYSIS**

¶15.    Norman claimed that the circuit court erred in denying his fourth PCR motion (the one at issue on remand) because his "right to counsel guaranteed under the sixth amendment of the constitution was violated." However, this was Norman's fourth appeal, and "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed" unless a statutory exception applies. *See*

8

Miss. Code Ann. § 99-39-23(6) (Rev. 2020).[3] The PCR movant bears the burden to prove a statutory exception to the UPCCRA's bar. *Cook v. State*, 301 So. 3d 766, 777 (¶32) (Miss. Ct. App. 2020).

¶16. Three of Norman's PCR motions have been denied or dismissed in the past, with the instant one being Norman's fourth PCR motion. Furthermore, Norman failed to assert that an enumerated statutory exception applies to overcome the successive-motions bar. *See* Miss. Code Ann. § 99-39-23(6). He only claimed that his right to counsel was violated since he did not request to represent himself. This claim does not fall within a statutory exception to the

---

[3] Mississippi Code Annotated section 99-39-23(6) states that a petitioner's motion is excepted from the successive-motions prohibition if the motion is

> filed under Section 99-19-57(2), raising the issue of the convict's supervening mental illness before the execution of a sentence of death. A dismissal or denial of a motion relating to mental illness under Section 99-19-57(2) shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are those cases in which the petitioner has filed a prior petition and has requested DNA testing under this article, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology.

UPCCRA's successive-motions bar. *See id.* In *Howell v. State*, 358 So. 3d 613, 616 (¶12) (Miss. 2023), the Mississippi Supreme Court overruled any precedent that "the fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the [UPCCRA]." *Id.* at 616 (¶12). Thus, Norman's reliance on the fundamental-rights exception is misplaced, and that judicially created exception has been judicially abrogated by *Howell.*

¶17. The dissent posits an interesting and legitimate question concerning whether the circuit court actually considered the issue remanded by this Court. In its final judgment, the circuit court appears to consider the first two PCR motions, which were related to an out-of-time appeal. The circuit court stated, "In the form petition, the petitioner asserts claims of ineffective assistance of advisory counsel for failing to perfect an appeal and **requests an out-of-time appeal**." (Emphasis added). The circuit court wrote in its conclusion, "[T]he procedural deficiencies, successive nature of the petition, and substantive flaws in Norman's claims render the petitioner's motion for post-conviction relief improper. Therefore, the petitioner's motion is DENIED." The circuit court clearly articulated that an out-of-time appeal was alleged, and the court then "denied" the relief requested. While better and clearer language could have avoided some of the prolonged procedural history of this case, the language used in the circuit court's final judgment appears clear enough to have addressed the issue remanded.

**CONCLUSION**

10

¶18. The successive-motions bar applied to Norman's present PCR motion, and he has proved no exception to this statutory bar. Accordingly, we affirm.

¶19. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. McCARTY, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY McDONALD, J.**

**McCARTY, J., DISSENTING:**

¶20. What the trial court and the majority have yet to consider is the reason this Court actually remanded the case in the first place. In 2024, this Court ruled that "the circuit court erred by failing to consider Norman's timely motion for an out-of-time appeal under the Uniform Post-Conviction Collateral Relief Act[.]" *Norman v. State*, 391 So. 3d 228, 230 (¶4) (Miss. Ct. App. 2024). Accordingly, we remanded for the sole purpose of requiring the trial court to answer the question of *whether Norman was entitled to an out-of-time direct appeal of his conviction under our PCR statutes*.

¶21. Because the trial court failed to follow the mandate of this Court on remand and did not address the question we required it to answer, I respectfully dissent.

¶22. Instead of addressing this question, the trial court reformulated the issue. In doing so, the trial court reached outside the docket and files originally presented to find other materials for which it could then use to determine Norman was statutorily barred from relief. In turn, the court effectively answered a question *not* posed to it by this Court—and never argued by

11

the State or any other party.

¶23.  Since the trial court refused to follow our mandate and answer the question asked, I will answer it: Norman was entitled to an out-of-time appeal under the PCR statutes and therefore should be granted an out-of-time appeal. The trial court had jurisdiction for Norman's requested relief under our PCR statutes; Norman's request to file an out-of-time direct appeal was timely; and Norman's PCR petition stated a basis for relief.

I.   **This Court remanded the case with specific instructions to determine whether Norman was entitled to an out-of-time direct appeal under the UPCCRA.**

¶24.  In this Court's original opinion from 2024, with a majority authored by Chief Judge Barnes, we determined that "Norman's February 2023 petition expressly requested relief for an out-of-time appeal under section 99-39-5(1)(i), not Rule 4." *Id*. at 230 (¶6).

¶25.  At that time, "[t]he State contend[ed], however, that Norman's third motion [from February 2023] for an out-of-time appeal is nevertheless barred as successive under the UPCCRA because Norman did not appeal from the circuit court's order dismissing his first motion seeking an out-of-time appeal." *Id*. at 231 (¶7).

¶26.  This Court specifically found that "[a]t no time did the circuit court consider whether Norman's motion was timely under the UPCCRA, as conceded by the State (noting the court 'failed to consider Norman's request as a post-conviction matter'). Instead, the court denied Norman's [February 2023] motion by upholding its prior rulings *that it lacked jurisdiction under Rule 4*." *Id*. at 231 (¶8) (emphasis in original).

¶27.   "Because the circuit court erred by failing to consider Norman's timely motion for an out-of-time appeal under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), we reverse[d] and remand[ed] the court's order for further proceedings." *Id*. at 230 (¶4).[4]

¶28.   Critically, "the mandate is how we communicate with trial courts." *Roley v. Roley*, 394 So. 3d 985, 988-89 (¶13) (Miss. Ct. App. 2024) (quoting *Griner*, 282 So. 3d at 1247 (¶12)). "The mandate is an order of this Court which *must* be followed *without deviation*;" "[t]here is *no discretion* whether to follow a mandate." *Id.* (emphasis added) (quoting *Griner*, 282 So. 3d at 1247 (¶12)). Rather, "the execution of the mandate of this Court is purely ministerial." *Id*. (quoting *Griner v. Griner*, 282 So. 3d 1243, 1247 (¶12) (Miss. Ct. App. 2019)). The Mississippi "Supreme Court has ruled that any order which is contrary to the mandate . . . will be held 'a nullity and void ab initio.'" *Id*. (quoting *Griner*, 282 So. 3d at 1247 (¶12)).

¶29.   This Court's previous "mandate is inflexible and unavoidable." *Id*. Despite our clear order in *Norman*, the trial court effectively overruled this Court's previous decision. We

---

[4] In support, the Court cited *Rodgers v. State*, 327 So. 3d 675, 677-78 (¶7) (Miss. Ct. App. 2021). In *Rodgers*, we held that "[b]ecause the circuit court never addressed Rodgers's entitlement to an out-of-time appeal under the UPCCRA, we reverse the circuit court's dismissal of Rodgers's PCR motion. On remand, the circuit court should determine whether Rodgers's PCR motion complies with the requirements set forth in section 99-39-9 and states a basis for relief. 'We make no determination of these questions . . . as they should be first addressed by the trial judge.'" *Id*. (quoting *Pulliam v. State*, 282 So. 3d 734, 737 (¶13) (Miss. Ct. App. 2019)). "We therefore reverse the circuit court's dismissal of Rodgers's PCR motion as untimely and remand to allow the circuit court to determine whether Rodgers is entitled to an evidentiary hearing on his claims." *Id*. at 678 (¶8).

should not allow this result to stand.

## II. The trial court failed to follow this Court's mandate on remand and erroneously applied a statutory bar.

¶30. Instead of following the mandate of this Court, the trial court declared: "In the form petition, the petitioner asserts claims of ineffective assistance of advisory counsel for failing to perfect an appeal and requests an out-of-time appeal."[5] The court's order then further confused the question asked of it when it acknowledged Norman's petition "'checks the box' indicating that his advisory counsel failed to perfect an appeal, and in his appellate briefs, he argues that counsel did not advise him of his right to appeal."

¶31. To provide context, while on remand, the trial court relayed that Norman "filed two petitions in the underlying criminal matter." Specifically, the order stated,

1. First Petition (Doc. #42): Filed on October 21, 2021, this petition was a form based submission, raising similar claims but lacking significant detail.

2. Second Petition (Doc. #44): Shortly thereafter, on April 21, 2022, the petitioner submitted a handwritten PCR motion, which contained more detail but largely raised the same issues.

In referring to its own previous order, "[w]hile the [c]ourt did not explicitly address the petitioner's right to relief under the PCR statute in either [May 2022] order, both denials were final and appealable orders."

¶32. The trial court's ruling here is problematic. First, the motions Norman initially

_____

[5] The "form petition" appears to be a standard pleading prepared by the Office of Indigent Appeals, crafted to cure breakdowns like the one arising here.

14

submitted (October 2021 and April 2022) were both docketed in his underlying *criminal* case file ("Lamar County Circuit Court No. 37CIl:18-cr-345-BT"), as the trial court even acknowledged. Neither motion was filed as a separate original civil action, which is required for post-conviction relief petitions under the UPCCRA. *See* Miss. Code Ann. § 99-39-7 (Rev. 2020).

¶33. Also, both motions were essentially treated as the equivalent of "post-trial" motions rather than "post-conviction relief" petitions since the trial court's dismissal was *only* based on Mississippi Rule of Appellate Procedure 4(h).[6] As Chief Judge Barnes' majority opinion stated, "the circuit court denied Norman's motions *for lack of jurisdiction*." *Norman*, 391 So. 3d at 230 (¶3) (emphasis added). Therefore, for the purposes of determining successive requests for relief, these two motions cannot and do not count as PCR petitions.[7]

¶34. Norman's February 2023 filing "only stated that 'relief for an out of time appeal is requested pursuant to Miss. Code Ann. § 99-39-5(1)(i).'" *Id.* at 230 (¶4). The trial court concluded "that it was his 'third motion for such relief' and that Norman made 'no argument the court has obtained jurisdiction or was mistaken in its earlier order.'" *Id*. Since the first two motions do not count, this February 2023 petition was Norman's *first* petition for post-

---

[6] Norman's first two motions asserted "claim[s] that neither the circuit court nor his advisory counsel advised him of his right to appeal his conviction." *Norman*, 391 So. 3d at 229 (¶2).

[7] Conversely, the record shows that the county circuit clerk filed Norman's February 2023 petition as a separate civil action, docketed as "Lamar County Circuit Court No. 37CIl:23-cv-00027-BT." Therefore, this was a properly filed PCR petition.

conviction relief under the PCR statutes and therefore was not barred as successive on these grounds.

¶35. Nonetheless, on remand, the trial court proceeded to issue a decision based on information that it dug up *for the first time*—information that had not been considered by any party previously in the course of these proceedings. Specifically:

> What the record on appeal does not reflect is that Norman's **third petition** was actually filed on July 11, 2022,[] where he claimed an "illegal and unlawful sentence" under Miss. Code Ann. § 99-39-1, arguing, inter alia:
>
>> The trial court improperly appointed a public attorney as "sit-in" counsel without his consent.
>>
>> The court erred in allowing him to represent himself.

(Emphasis in original). The order then states,

> In its memorandum opinion entered on August 1, 2022, the [c]ourt addressed these arguments and found that the petitioner had "waived his right to counsel" and that the appointment of advisory counsel was appropriate under Rule 7.1 of the Mississippi Rules of Criminal Procedure (Doc. #3).
> . . . .
> Had the Court of Appeals been properly apprised of the July 2022 petition and memorandum opinion order, the result in this case might have been different.

In support of its ruling, the trial court referred the parties, and in turn this Court, to several county court case numbers via footnotes—but the court did not bother to include these supposed July 11, 2022 and August 1, 2022 documents in the record for this Court to view on appeal.[8] *See* MRCP 54(c) ("When a court summarily dismisses a motion for post-

---

[8] As a result, this Court's resources were used to find the documents in the public records on our Supreme Court's docket. It appears that the circuit court clerk filed the July

16

conviction collateral relief[,] . . . the order *must* identify the files, records, transcripts, and correspondence *the court relied on* and direct that certified copies of those documents be placed in the motion cause number's file" (emphasis added)).

¶36. Upon our retrieval of the July 11, 2022, motion, it is clear that Norman's request for relief there was wholly distinct from the requested relief at issue here, an out-of-time direct appeal. In that motion, Norman sought "to vacate [and] set aside Illegal and Unlawful Conviction and Sentence." Norman raised several issues as grounds warranting such relief—but none of those issues included a claim for an out-of-time appeal (nor did they include any claim of "ineffective assistance of counsel" as purported by the trial court).

¶37. Nevertheless, the trial court's order shows it went a step further in its ruling on remand and held as follows:

> [T]he petitioner filed this **fourth** petition now before this Court on remand. . . . In any event, and out of abundance of caution, the [c]ourt will address Norman's legal claims as directed by the Court of Appeals.
> . . . .
> As noted earlier, this is Norman's fourth attempt at attaining post-conviction relief. In his third petition, Norman raised an issue with his advisory counsel, and the [c]ourt denied that petition, Now, Norman attempts to raise the issue again, albeit with slightly different wording. This is clearly a successive motion and is barred. Miss Code Ann. § 99-39-23(6); *Thompson v. State*, 386 So. 3d 407, 409 (Miss. Ct. App. 2024).

(Emphasis in original).

¶38. However, the trial court did not stop there, going on to state: "Even without the

---

11, 2022 motion with the August 1, 2022 order as a separate civil action docketed as "Lamar County Circuit Court No. 37CIl:22-cv-87-BT."

17

successive motion bar, Norman had the opportunity to raise all issues concerning advisory counsel in his prior petitions. The doctrine of *res judicata* prevents Norman from bringing those issues before the Court." In another section of the order, the trial court similarly stated: "It should be noted the petitioner could have raised his failure to advise of the right to appeal in this prior petition, and thus, this claim is barred from reconsideration here[.]"

¶39. Looking back to this Court's opinion reversing and remanding this case, it is quite clear that the trial court was ordered to simply assess whether Norman was entitled to an out-of-time direct appeal of his conviction and sentence. However, the trial court dodged this Court's mandate, ultimately finding Norman's request barred on an issue we explicitly found was *not* barred.

### III. Norman should be granted an out-of-time direct appeal.

¶40. "Direct appeal is the principal means of reviewing all criminal convictions and sentences." *Brown v. State*, 306 So. 3d 719, 729 (¶12) (Miss. 2020) (quoting Miss. Code Ann. § 99-39-3(2) (Rev. 2015)). Important here, "[a] petitioner may file a petition for an out-of-time appeal under Section 99-39-5(2)" of the UPCCRA. *Smith v. State*, 290 So. 3d 1244, 1246 (¶7) (Miss. 2020). As our Supreme Court explicitly stated, "[t]he trial court has jurisdiction to grant the out-of-time appeal if the petitioner claims they are entitled to an out-of-time appeal." *Id*. at 1246-47 (¶7).

¶41. Norman proceeded within the three-year window described in section 99-39-5(2), and he styled his February 2023 filing at issue as a petition for post-conviction relief. The trial

court and the majority continue to fail to consider the petition as we directed.

¶42. Furthermore, "[t]he Petitioner carries the burden of demonstrating that his claim is not procedurally barred." *Brown*, 306 So. 3d at 729 (¶15) (quoting *Jordan v. State*, 213 So. 3d 40, 42 (¶18) (Miss. 2016)). Citing Mississippi Supreme Court precedent, our Court has "held that a 'petitioner is entitled to an evidentiary hearing as to whether he had been advised of his right to appeal and whether he requested an appeal' when 'the affidavits of the petitioner and his attorney' contradict one another and 'the petitioner has met the pleading requirements of the UPCCRA[.]'" *Rodgers v. State*, 327 So. 3d 675, 677 (¶6) (Miss. Ct. App. 2021) (quoting *Pulliam v. State*, 282 So. 3d 734, 737 (¶11) (Miss. Ct. App. 2019)).

¶43. Crucially, "an evidentiary hearing is also necessary when there is no documentary evidence that contradicts a petitioner's claim that he asked his attorney to appeal his conviction." *Id*. at 677 (¶7) (quoting *Pulliam*, 282 So. 3d at 737 (¶11) ("Rodgers attached no affidavits—contradictory or otherwise—to his PCR motion for an out-of-time appeal")).[9]

¶44. Since no evidentiary hearing was conducted, at minimum, the trial court did not allow Norman the opportunity to prove that his February 2023 claim for relief was not barred.

¶45. Because the trial court acted in direct contravention of this Court's previous opinion, and the majority condones the trial court's actions, I respectfully dissent. And because Norman timely requested but has been unnecessarily deprived of an opportunity to file a

---

[9] "Because the record contains no documentary evidence to contradict Rodgers's claim that his attorney failed to comply with his requests to appeal his conviction, he may be entitled to an evidentiary hearing." *Rodgers*, 327 So. 3d at 677-78 (¶7).

19

direct appeal of his conviction and sentence, I would reverse and render judgment granting his request for an out-of-time appeal.

**McDONALD, J., JOINS THIS OPINION IN PART.**